# RAKOWER • LUPKIN PLLC

488 MADISON AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10022

TEL: (212) 660-5550
FAX: (212) 660-5551
WWW.RAKOWERLUPKIN.COM

March 4, 2014

**VIA ECF & HAND DELIVERY**
The Honorable J. Paul Oetken
United States District Court, SDNY
40 Foley Square
Room 2101
New York, NY 10007

Re: *Joel M. Levy and Judith W. Lynn v. Young Adult Institute, Inc. et al,*
**Index No. 13 Civ. 2861 (JPO)**

Dear Judge Oetken:

This firm represents plaintiffs Joel M. Levy and Judith W. Lynn (together, the "Plaintiffs") in the above-referenced litigation. On January 27, 2014, Magistrate Judge Netburn issued a Report and Recommendation (the "Report") (Dkt. 58), which recommended, *inter alia*, the denial of Defendants' motion to dismiss Plaintiffs' claim under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), for an equitable accounting of the SERP Plan and Trust (Count VI). In accordance with the schedule and papers contemplated under Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1), Defendants served objections to the Report (Dkt. 62) on February 10, 2014 and Plaintiffs served a response on February 24, 2014 (Dkt. 63) ("Plaintiffs' Response").[1] Last night, Defendants filed a reply memorandum of law in further support of their objections to the Report ("Defs.' Reply Mem.") (Dkt. 67), notwithstanding the fact that a reply is not authorized under the federal rules, *see* Fed. R. Civ. P. 72(b)(2) (authorizing objections and a response but failing to authorize a reply), and Defendants did not obtain permission from this Court.

Under similar circumstances, courts have elected to strike a party's reply. *See, e.g., Duncan v. Cigna Life Insurance Co. of New York,* No. 10-cv-1164 (SJF)(ARL), 2011 WL 6960621, at *1 n.1 (E.D.N.Y. Dec. 30, 2011) (declining to consider plaintiff's reply in further support of his objections because Fed. R. Civ. P. 72 does not authorize a reply); *Mordukhaev v.*

---

[1] Additionally, Plaintiffs served objections to the Report (Dkt. 61) on February 10, 2014 concerning the Report's treatment of Plaintiffs' state law claims, and Defendants served a response to those objections on February 24, 2014 (Dkt. 65). The objections and response pertaining to Plaintiffs' state law claims are not the subject of the instant letter.

*Daus*, No. 09 Civ. 5149 (SHS), 2010 WL 3792191, at *1 n.1 (S.D.N.Y. Sept. 28, 2010) (declining to consider plaintiffs' reply memorandum in further support of their objections because Fed. R. Civ. P. 72 does not authorize a reply and plaintiffs never sought leave to file one).

In light of the foregoing, Plaintiffs hereby move for an order striking Defendants' reply memorandum.[2] While we think striking Defendants' memorandum is the best solution, if the Court does not agree, then Plaintiffs request that the Court grant them leave to file a sur-reply in opposition to Defendants' objections and that the Court recognize the remainder of this letter as Plaintiffs' sur-reply.

As Defendants acknowledged in their reply, "To plead claims for equitable relief, however, the plaintiffs would have to allege *either* that the defendants currently (and improperly) possess the assets dispersed from the trust *or* they retain profits generated from that property." (Defs.' Reply Mem. at 2 (citing and quoting *Loffredo v. Daimler AG,* 500 F. App'x 491, 499 (6th Cir. 2012) (summary order) (emphasis altered))). Despite this two-pronged analysis, Defendants' reply focused solely on one prong of this standard, arguing that Plaintiffs' equitable accounting claim should be dismissed because "Count VI ultimately alleges only the *loss* of assets and thereby plan benefits and not any ill-gotten *gain* or *profit* of Defendants of which to conduct an accounting." (Defs.' Reply Mem. at 1.)

As set forth more fully in Plaintiffs' Response (Dkt. 63), Plaintiffs' equitable accounting claim rests upon allegations of Defendants' improper possession of the assets of the SERP Plan and Trust and Defendants' potential misappropriation of those assets during the two-year period in which the SERP Plan and Trust lacked a trustee. These allegations concern Defendants' wrongful gains, not any benefits owed to Plaintiffs, and are sufficient to support a claim for an equitable accounting. *See Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1009 (8th Cir. 2004) (holding defendants' wrongful control over assets of benefit plan provided basis for equitable accounting and economic award arising from the accounting); *Loffredo*, 500 F App'x at 499.

Although Defendants are correct in noting that *Rochow v. Life Insurance Co. of North America,* 737 F.3d 415 (6th Cir. 2013) ("*Rochow II*"), has recently been vacated, Defs.' Reply Mem. at 2 n.1, it is also true that the district court's decision that the plaintiff is entitled to an equitable accounting and disgorgement of profits, *Rochow v. Life Insurance Co. of North*

---

[2] This is the *second* time Defendants have submitted unauthorized information to the Court in connection with their motion to dismiss Plaintiffs' claim for an equitable accounting. In their reply memorandum in support of their motion to dismiss (Dkt. 40), Defendants raised a new argument and introduced new evidence, necessitating the filing of a sur-reply by plaintiffs to cure the prejudice (Dkt. 42).

*America*, No. 04-73628 (E.D. Michigan June 16, 2009) ("*Rochow I*"), remains good law while the Sixth Circuit's *en banc* review remains pending.[3] Regardless, even if the Sixth Circuit were to reverse the district court's decision, any basis for dismissing the equitable accounting claim in *Rochow I* could be distinguished from the equitable accounting claim in this action because *Rochow I* concerns whether the plaintiff could collect an award of money damages based upon an equitable accounting premised upon the *same* harm that gave rise to an ERISA § 502(a)(1)(B) claim – the administrator's wrongful denial of benefits – as opposed to a *distinct* injury; under *Rochow I*, plan administrators could be subject to an accounting claim every time an administrator faces a challenge to the everyday exercise of its discretion to deny benefits. In contrast, the violation which led to the accounting claim here – the failure to appoint a trustee for two years and the wrongful control and potential misuse of plan assets during that time – is a distinct violation, has no bearing on an administrator's discretion to award benefits and is limited to the unique facts of this case.

Respectfully submitted,

Michael C. Rakower

Enclosures (1)

cc: Marcus A. Asner, Esq (via ECF)
     Yue-Han Chow, Esq. (via ECF)

---

[3] A copy of *Rochow I* is annexed hereto as Exhibit A.