UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOEL M. LEVY and JUDITH W. LYNN,                  :
:
                            Plaintiffs,  :
:    13-CV-2861 (JPO)
               -v-                                                  :
:    ORDER ADOPTING
YOUNG ADULT INSTITUTE, INC., et al.,              :    REPORT AND
:    RECOMMENDATION
                          Defendants.  :
:
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       In this action, Plaintiffs Joel M. Levy and Judith W. Lynn assert claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and state law to recover benefits allegedly owed to them by the Young Adult Institute, Inc., where Levy was formerly an executive. On July 14, 2014, Plaintiffs filed the present motion for a preliminary injunction, seeking to protect certain assets held in a trust under the terms of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute (the "SERP"), and also requesting expedited discovery.[1] Now before the Court is Magistrate Judge Netburn's report and recommendation on the motion for preliminary injunction, dated November 21, 2014 (Dkt. No. 164 (the "Report")). The Report recommends that Plaintiffs' motion be denied.

       At its conclusion, the Report advised that "[t]he parties shall have fourteen days from the service of this [Report] to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

---

[1] On July 30, 2014—after a more extended briefing schedule on the preliminary injunction motion had been set, by the consent of the parties—Plaintiffs unexpectedly obtained a brief temporary restraining order and sought the same relief requested in the preliminary injunction motion, but on an expedited basis. After a hearing, this Court ruled that Plaintiffs had failed to demonstrate irreparable harm and vacated the interim order.

1

72(b) of the Federal Rules of Civil Procedure." (Report at 20.) Neither party filed a timely objection to the Report, and therefore, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b), advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").

Judge Netburn's thorough and well-reasoned Report presents no such errors and is therefore fully adopted by this Court. Accordingly, Plaintiffs' motion for a preliminary injunction is DENIED.

SO ORDERED.

Dated: January 13, 2015
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2