UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOEL M. LEVY and JUDITH W. LYNN,

                                    Plaintiffs,

                    -against-

YOUNG ADULT INSTITUTE, INC., et al.,

                                    Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 9/14/2015

13-CV-02861 (JPO)(SN)

__OPINION AND ORDER__

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff and counterclaim defendant Joel M. Levy moves for the advancement of legal

fees, or indemnification *pendent lite*, in connection with his defense against counterclaims filed

by his former employer, the Young Adult Institute, Inc. ("YAI"). YAI has sued Levy – its former

Chief Executive Officer – for being a faithless servant and for breach of fiduciary duty. For the

following reasons, the Court GRANTS Levy's motion for the advancement of fees.

## BACKGROUND

This case has a long and complex factual and procedural background, and familiarity

with the litigation is assumed for the purposes of this Opinion and Order. Only the facts and

procedural history relevant to the current issues are summarized.

## I.      Factual Background

YAI is a New York non-profit organization that serves people with developmental

disabilities. Levy worked for YAI for over 40 years before his retirement, from 1979 to 2009, first as

Executive Director and later as Chief Executive Officer. In August 2011, YAI stopped paying all

retirement benefit payments to Levy, including those owed under the Supplemental Pension Plan for

Certain Management Employees of Young Adult Institute, dated July 1, 1985 (the "Original SERP"),

when it concluded that further payments would constitute excessive compensation in violation of state and federal regulations. Levy, along with his wife (a beneficiary of the Original SERP), filed this action on April 30, 2013, seeking, among other things, payment from YAI of retirement benefits owed under the Original SERP.

In its answer to the plaintiffs' action, YAI asserted counterclaims against Levy for breach of fiduciary duty and faithless servant.[1] YAI alleges that, from 1999 to 2009, Levy improperly influenced the decisions by the YAI Board of Trustees (the "Board") and the Executive Compensation Committee concerning his compensation. YAI also alleges that Levy's conduct resulted in heightened regulatory oversight and government enforcement actions, including the complaint-in-intervention filed by the United States government in a False Claims Act *qui tam* action brought by YAI's former budget director. See generally United States ex rel. Faden v. Young Adult Institute, Inc., 09 Civ. 5003 (RMB) (S.D.N.Y.) ("Faden"). Levy was individually named in the government's complaint in Faden, but the $18 million settlement agreement released Levy without admitting liability, and he did not personally satisfy any of the settlement sum.

In his answer to the counterclaims, and in an affidavit submitted in support of this motion, Levy denies all of YAI's allegations and asserts that he acted in good faith and in the best interests of YAI at all times during his employment. He further submits voluminous documents to support his denial of YAI's allegations against him. Generally, these documents reflect that the Board and its Executive Compensation Committee were independent and comprised of sophisticated individuals, that negotiations regarding Levy's compensation were at arm's length with all parties represented by counsel, and that Levy's presentations to the Board, if any, were a summary of reports prepared by

---

[1] YAI claimed that Levy breached his fiduciary duty to YAI, including his duties of loyalty and good faith, and acted as a faithless servant under New York law. See Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) (elements of breach of fiduciary duty claim); Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200-02 (2d Cir. 2003) (describing two standards of faithless servant doctrine).

YAI's Fiscal Department. In its opposition to this motion, YAI acknowledges that there is a genuine issue of law or fact related to the counterclaims.

## II.     Procedural History

On June 6, 2014, Levy sought indemnification from YAI in accordance with the Amended and Restated By-Laws of Young Adult Institute and Workshop, Inc., dated September 30, 2003 (the "By-Laws"). YAI denied this request on September 10, 2014. In a September 9, 2014 Resolution, the YAI Board expressed its decision to refuse to indemnify Levy at this time but resolved to indemnify him if Levy prevails on the counterclaims.[2]

On April 30, 2015, the Hon. J. Paul Oetken denied Levy's motion to dismiss the counterclaims. Faced with the increasing costs of defending against these claims, Levy filed his Motion for Indemnification *Pendente Lite* on June 1, 2015.[3] The motion was fully submitted to the Court by June 26, 2015, and the parties appeared before me for oral argument on this motion and YAI's Motion for Partial Summary Judgment on August 10, 2015.[4]

---

[2] YAI inexplicably filed the Resolution with the Court on August 18, 2015 (eight days after oral argument on the motion). (YAI's Letter of August 18, 2015, ECF No. 249.) YAI had not previously produced the Resolution to Levy. In light of the inherent unfairness in producing such a relevant document after this motion was briefed and argued, the Court grants Levy's request to strike the letter (Levy's Letter of August 19, 2015, ECF No. 251). In any event, for the reasons stated in Levy's August 19 letter, the Resolution does not change the Court's resolution of this motion.

[3] To accommodate the parties' desire to file confidential material under seal, the Court allowed the parties to exchange briefs and then, following a meet-and-confer, request that certain documents be filed under seal. On August 18, 2015, I issued an order allowing the sealing or redaction of certain documents, and directing the parties to file the appropriate versions of their motion papers via ECF by August 26, 2015.

[4] YAI's Motion for Partial Summary Judgment was filed pursuant to a May 5, 2015 Order, which allowed YAI to move for summary judgment on the legal question of whether it may withhold payment of the plaintiffs' ERISA benefits on the grounds that they are excessive or unreasonable under New York law, federal law or YAI's articles of incorporation and by-laws. That motion will be addressed by a separate Report and Recommendation.

**DISCUSSION**

**I.     Statutory Framework**

Sections 720-26 of New York's Not-for-Profit Corporation Law ("N-PCL") address

indemnification of not-for-profit corporations' directors and officers. Under N-PCL § 722(c), the

corporation may decide to indemnify a director sued by a third party or by the corporation itself,

so long as the director was acting in good faith at the relevant time. Under N-PCL § 724,

however, the court may order the indemnification or advancement of fees to directors and

officers facing lawsuits for actions in their official capacities:

> Where indemnification is sought by judicial action, the court may
> allow a person such reasonable expenses, including attorneys' fees,
> during the pendency of the litigation as are necessary in connection
> with his defense therein, if the court shall find that the defendant has
> by his pleadings or during the course of the litigation raised genuine
> issues of fact or law.

N-PCL § 724(c). See Sequa Corp. v. Gelmin, 828 F. Supp. 205 (S.D.N.Y. 1993) (applying

analogous provisions of the New York Business Corporations Law[5]). The court's authority to

order indemnification exists even when the corporation has refused.

The defendant's burden to show "genuine issues of fact or law" is not a stringent one. See

Sequa Corp., 828 F. Supp. at 206 (defendant's affidavit denying corporation's allegations of

fraud were sufficient to raise "genuine issues" under "far less demanding standard" of § 724(c));

Booth Oil Site Admin. Grp. v. Safety-Kleen Corp., 137 F. Supp. 2d 228, 237-38 (W.D.N.Y.

2000) (to be entitled to defense costs, defendant need not establish "genuine issues" to the same

extent necessary to defeat summary judgment). The court should not evaluate the merits of the

---

[5] The BCL is widely considered to be analogous to the N-PCL. See Levy v. Young Adult Inst., Inc., 13 Civ. 2861 (JPO)(SN), 2015 WL 1958889, at *219 n.6 (S.D.N.Y. Apr. 30, 2015) (equating comparable provisions of N-PCL and BCL). Accordingly, the Court will refer to case law regarding both statutory schemes.

4

claims when deciding whether to award advancement of fees. But should the defendant ultimately lose the case, the defendant *must* return the funds advanced by the corporation. N-PCL § 725(a). Under N-PCL § 725(b)(2), a court may not award advancement or other types of indemnification that would be inconsistent with corporate provisions, by-laws and other agreements in effect at the time that the cause of action accrued.

Courts have repeatedly held that an advancement of fees under § 724(c) is a "far more narrow remedy" than full indemnification under § 724(a). Sequa Corp., 828 F. Supp. at 206. See also, e.g., Crossroads ABL LLC v. Canaras Capital Mgmt., LLC, 963 N.Y.S.2d 645, 646 (1st Dep't 2013) ("Indemnification and advancement of legal fees are two distinct corporate obligations. . . ."); Ficus Investments, Inc. v. Private Capital Mgmt., LLC, 872 N.Y.S.2d 93, 99 (1st Dep't 2009) (looking to Delaware law to conclude that "[t]he rights are recognized as independent of one another, in that an advancement proceeding is summary in nature and not appropriate for litigating indemnification or recoupment." (internal quotation marks and citation omitted)); Schlossberg v. Schwartz, 992 N.Y.S.2d 161 (Sup. Ct. Nassau Cty. 2014) (noting "the separate purposes of indemnification and advancement").

## II.    Application

Levy argues that he is entitled to an advancement of legal fees under the plain text of the N-PCL, case law and YAI's By-Laws. YAI argues in opposition that Levy's request is precluded by his 2008 Employment Agreement, inappropriate because Levy acted in bad faith, and otherwise procedurally barred. Levy has the better argument.

A.       **Genuine Issues of Fact or Law**

Levy has met his burden of demonstrating "genuine issues of fact or law" under N-PCL

§ 724(c). And YAI agrees. YAI Opp. at 9-10 ("[F]or purposes of this Motion only, YAI does not

contest that at this time, before discovery has been completed, there is a genuine issue of fact or

law relative [to] the counterclaims."). Levy has submitted a detailed affidavit refuting YAI's

counterclaims, along with accompanying documentation demonstrating a genuine factual

dispute. Levy refutes the counterclaims directly as a whole and individually, affirming that he

did not induce or impermissibly influence YAI's Board into picking favorable compensation

consultants, and that his compensation was set after open debate and arm's length negotiations.

He states that he was "not responsible for any of the conduct alleged in Faden" (Levy Aff. ¶ 32),

and that he never had any knowledge that the Consolidated Fiscal Reports ("CFRs")[6] that he

signed and that were submitted to the New York State Office for People With Developmental

Disabilities ("OPWDD") were false, but rather relied on the opinion of experts. Levy further

affirms that he rarely made presentations to the Board, and that when he did, he never

editorialized and only summarized information supplied to him by YAI's Fiscal Department.

Levy also indicates that the cost of defending against the counterclaims has caused him to use his

retirement expenses, thereby incurring tax penalties.

"Where there are issues of fact in a dispute over whether a director participated in alleged

wrongful conduct and acted in good faith on behalf of the corporation, courts have generally

permitted the relief of advanced litigation expenses, including attorney's fees, subject to

reallocation at the end of the action. . . ." Gen. Plumbing Corp. v. Parklot Holding Co., No.

504231/2013 (CED), 2014 WL 3819439, at *5 (N.Y. Sup. Ct. Kings Cty. 2014). Such is the case

---

[6] To be eligible for reimbursement, YAI must submit to the New York State Office for People With
Developmental Disabilities ("OPWDD") its actual costs in annual CFRs.

here, where Levy's allegations meet the burden set out in <u>Booth Oil</u>, <u>Sequa Corp.</u>, and similar cases. <u>See, e.g.</u>, <u>Booth Oil</u>, 137 F. Supp. 2d at 237-38; <u>Sequa Corp.</u>, 828 F Supp. at 205-06.

Cases where advancement is denied, on the other hand, generally turn on a finding that the defendant is being sued in his personal, rather than corporate, capacity. <u>See</u> <u>Booth Oil</u>, 137 F. Supp. 2d at 237 (collecting cases); <u>Bensen v. Am. Ultramar Ltd.</u>, 92 Civ. 4420 (KMW)(NRB), 1996 WL 435039, at *2-3 (S.D.N.Y. Aug. 2, 1996) (same). The counterclaims allege Levy undertook wrongdoing in his position as a director through actions such as certifying false CFRs, and they therefore clearly allege actions taken within the scope of his employment. The only other case the parties have cited where a defendant's allegations of good faith were insufficient to entitle the defendant to an advancement is <u>Vacco v. Diamandopoulos</u>, 715 N.Y.S.2d 269 (Sup. Ct. N.Y. Cty. 1998). That case, however, is inapposite. There, the defendants' allegations of good faith in a case brought by the New York State Attorney General were contradicted by the *findings* of the defendants' neglect of duty after the Board of Regents conducted a 27-day hearing before a three-member panel. Levy, unlike the <u>Vacco</u> defendants, has not been found guilty in any proceeding, hearing or case, and therefore his claim of having acted in good faith is sufficient to create "genuine issues of fact or law" under N-PCL § 724(c). Indeed, this situation presents the opposite of that in <u>Vacco</u>; in the settlement agreement in <u>Faden</u> – the allegations of which form the basis of much of the counterclaims – Levy denied wrongdoing or liability, the case settled, and Levy paid no portion of the settlement sum.

**B.      YAI's By-Laws and the 2008 Employment Agreement**

Under N-PCL § 725(b)(2), indemnification is impermissible if it is inconsistent with an agreement between the parties or the corporate by-laws. Two documents could potentially affect Levy's request for advancement: YAI's By-Laws and the 2008 Employment Agreement (the

"Employment Agreement"). Neither of them, however, supports YAI's contention that Levy is

barred from receiving advancement of defense costs.

      The Employment Agreement addresses only indemnification and defense costs against

third-party claims. (See Prame Decl. Ex. F ¶ 6 (section entitled "Indemnification" referring to

actions filed "by a third party").) That document also purports to "supersede any and all prior

agreements and contracts" between Levy and YAI. (Id. ¶ 1.) The By-Laws, as amended and

restated on September 30, 2003, meanwhile, state that YAI will indemnify directors "to the

fullest extent that such indemnification may be lawful under the N[-]PCL" both "against all

expenses" paid in settlement and those "actually and reasonably incurred" in defense or

settlement, with the specific inclusion of attorneys' fees in both provisions. (Yang Decl. Ex. 15

Art. XI § 1). The By-Laws further indicate that the Board "may . . . upon receipt of an

undertaking by or on behalf of the . . . officer," advance expenses for defending in the suit or

proceeding. (Id. Art. XI § 3.)

      YAI argues – without much force – that the Employment Agreement's grant of

indemnification in cases brought by third parties excludes *sub silentio* such relief in a case

brought by YAI. The absence of a provision for indemnification in cases brought by YAI,

however, does not override the express promise to indemnify provided by the By-Laws. And

such silence in the Employment Agreement cannot be interpreted as inconsistent with § 724

relief. See Crossroads, 963 N.Y.S.2d at 645-46 ("Nor does the indemnification provision at issue

preclude intra-party claims. To the contrary, the indemnification provision does not include an

exhaustive list of actions for which indemnification is required . . . ."). Of course it is generally

true that "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation

must be strictly construed to avoid reading into it a duty which the parties did not intend to be

assumed." <u>Hooper Assoc.'s v. AGS Computers</u>, 74 N.Y.2d 487, 491-92 (1989) (construing promise to indemnify in third-party suits to apply only to such suits). But "neither the <u>Hooper</u> holding nor anything in the [N-P]CL *prohibits* such indemnification, and courts applying New York law have awarded such indemnification." <u>Happy Kids, Inc. v. Glasgow</u>, 01 Civ. 6434 (GEL), 2002 WL 72937, at *3 (S.D.N.Y. Jan. 17, 2002).

Finally, while YAI's own procedures may require an undertaking, YAI denied Levy's request for advancement and put off his request for full indemnification, passing those questions on to the Court. Nothing in the N-PCL requires that an undertaking be presented to the Court. <u>Sequa Corp.</u>, 828 F. Supp. at 207 ("Section 724 contains no language requiring the giving of security by an officer or director who successfully invokes its provisions, and I decline to infer one.").

### C.      Procedural Bars

Finally, YAI argues that Levy is not entitled to fees already incurred and was not authorized to file this motion under the summary judgment briefing schedule. These arguments are without merit. First, when advancing fees, courts may include those already incurred. <u>See</u> <u>Sierra Rutile Ltd. v. Katz</u>, 90 Civ. 4913 (JFK), 1997 WL 431119, at *2 (S.D.N.Y. July 31, 1997) (awarding pre-trial fees incurred at time of decision, under BCL § 724(c)). Second, policy reasons support not allowing the timing of a motion for advancement, alone, to determine its scope. "'Advancement provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings.'" <u>Ficus Investments</u>, 872 N.Y.S.2d at 99 (quoting <u>Homestore, Inc. v. Tafeen</u>, 888 A.2d 204, 211 (Del. 2005)). "Advancement . . . protects [a director's] ability to mount [] a defense in the first instance, by safeguarding his ability to meet

his expenses at the time they arise, and to secure counsel on the basis of such an assurance." United States v. Weissman, S2 94 Cr. 0760 (CSH), 1997 WL 334966, at *16 (S.D.N.Y. June 16, 1997), supplemented, 1997 WL 539774 (S.D.N.Y. Aug. 28, 1997). See also Weissman, 1997 WL 539774, at *10 ("I cannot see how [the] values [of advancement] are served by constructing an advancement regime which ties the degree of advancement to the timing of the proceedings' conclusion and the employer's alacrity in turning over funds. Such an uncertain framework for securing payment of attorneys' fees would hardly enhance the ability of a corporate officer to obtain counsel.").

Finally, the Court's briefing schedule for YAI's summary judgment motion does not require the Court to delay consideration of this motion until a later date. Levy is correct in his contention that the parties were to continue to review the documents already exchanged in preparation for counterclaim depositions while the summary judgment motion was pending. But perhaps more importantly, advancement is meant to allow directors to defend themselves. The strict interpretation of the briefing order that YAI advances is at odds with the goals of advancement outlined above.

## CONCLUSION

For these reasons, Levy's motion for advancement of fees is GRANTED. YAI is ordered to (i) reimburse Levy for reasonable legal fees and expenses incurred in connection with the filing of this motion, and (ii) pay an advance retainer on his behalf toward legal fees and expenses to be incurred in connection with the counterclaims. The parties shall meet and confer in an effort to agree upon such reasonable fees and file a joint letter within 14 days of this Order on such agreement or any outstanding disputes.

The Clerk of Court is directed to terminate the motion at Docket Entry 252.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge


DATED:   New York, New York
             September 14, 2015