UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
JOEL M. LEVY and JUDITH W. LYNN,         :
                                          :
                              Plaintiffs, :    13-CV-2861 (JPO)
                                          :
            -v-                           :    OPINION AND ORDER
                                          :    ON REPORT AND
YOUNG ADULT INSTITUTE, INC., et al.,      :    RECOMMENDATION
                                          :
                              Defendants. :
---------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

   Plaintiffs Joel M. Levy and Judith W. Lynn (together, "Plaintiffs") filed this suit on April 30, 2013, alleging that Levy's former employer, Youth Adult Institute, Inc. ("YAI"), failed to pay his retirement benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and New York state law.  The Court thereafter referred this matter to the Honorable Sarah Netburn for general pre-trial supervision.  (Dkt. No. 24.)

   On April 24, 2015, Defendants requested that Judge Netburn bifurcate the proceedings in order to resolve liability on Plaintiffs' ERISA claims before further discovery.[1]  (Dkt. No. 223.)  Judge Netburn granted the request and permitted Defendants to move for summary judgment on "the legal question of whether YAI may withhold payment of [P]laintiffs' ERISA benefits on the ground that they are excessive or unreasonable under New York law, federal law, or YAI's articles of incorporation and by-laws."  (Dkt. No. 230).

---

[1] Defendants in this action include: (1) YAI; (2) the Board of Trustees of YAI; (3) the Pension Retirement Committee of the Board of Trustees of YAI; (4) the Supplemental Pension Plan and Trust for Certain Management Employees of YAI; (5) the Life Insurance Plan and Trust for Certain Management Employees of YAI; (6) Israel Discount Bank of New York; and (7) Eliot P. Green, a lawyer on YAI's Board.  Defendants Israel Discount Bank of New York and Green did not file the instant motion.  (*See* Dkt. No. 261.)  In this opinion, references to "YAI" or "Defendants" include all Defendants except Green and Israel Discount Bank of New York.

1

On October 9, 2015, Judge Netburn issued a Report and Recommendation ("Report") recommending that YAI's motion for partial summary judgment be denied. (Dkt. No. 282.) The Court has reviewed the Report, YAI's objections, Plaintiffs' opposition to YAI's objections, and the record. For the reasons that follow, Judge Netburn's Report is adopted in full and YAI's motion for partial summary judgment is denied.[2]

## I.   Background

The Court presumes familiarity with the facts and procedural history, which are summarized in the Report. (Dkt. No. 282 at 1-6.) The Court provides only a brief review of facts relevant to the objections.

### A.   Review of the Facts

Levy worked for YAI, a New York non-profit corporation, from 1979 until his retirement in 2009. After his retirement, Levy continued to work for YAI under a consulting agreement, which expired in June 2011. (Dkt. No. 270 ("COF") ¶ 1.) Throughout Levy's employment, his compensation was determined by a committee that reported to YAI's Board of Trustees ("the Board"). (*Id.* ¶ 4.) The Board had the authority to set Levy's compensation and benefits. (*Id.*)

Levy's compensation package included a Supplemental Pension Plan for Certain Management Employees of Young Adult Institute ("SERP"). (*Id.* ¶ 15.) The SERP could be amended by the Board or YAI's Pension Retirement Committee, but no amendment could reduce a vested benefit. (Dkt. No. 22-1 § 7.1.)

The Board hired lawyers and consultants to review Levy's compensation package several times between 1995 and 2005. (COF ¶ 31; Dkt. No. 97 ¶ 4.) Between 2005 and 2006, one Board member, Milton Sincoff, expressed concerns that Levy's compensation might violate New

---

[2] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2

York Not-for-Profit Corporation Law ("N-PCL") or the Internal Revenue Code ("IRC"). (COF ¶¶ 66-78.) The Board's attorneys analyzed Levy's compensation and informed Sincoff that it was permissible. (*Id.* ¶¶ 68-72.) The other Board members agreed with this assessment. (*Id.* ¶ 79.)

Beginning in 2005, the Board began to reduce Levy's benefits. First, the Board passed a resolution freezing Levy's base salary. (*Id.* ¶ 92.) It then entered into an agreement with Levy that reduced his annuity and purported to incorporate the reduced annuity into Levy's SERP. (*Id.* ¶ 93.) Several months later, the Board amended the SERP to change the benefits formula and to further reduce Levy's distributions. (*Id.* ¶ 94.) Finally, when Levy retired in 2009, YAI and Levy executed a release reducing Levy's spousal survival benefit. (*Id.* ¶ 98.)

YAI began making Levy's SERP payments in January 2010. (*Id.* ¶ 99.) In August 2011, the New York Times published an article about Levy's compensation, and the New York State Office for People with Developmental Disabilities signaled that it might pursue remedial action against YAI. (Dkt. No. 263 ("SOF") ¶ 16-17.) YAI then ceased SERP payments to Levy and hired Mercer LLC ("Mercer"), an employment consultant, to determine whether Levy's compensation was reasonable. (*Id.* ¶¶ 19-20.) In February 2013, Mercer produced a report (the "Mercer Report") concluding that Levy's compensation was excessive. (*Id.* ¶ 21; COF ¶ 101.) Based on Mercer's conclusions, YAI contacted the IRS to report that it had paid an excess benefit to Levy. (SOF ¶ 23.) The IRS sent YAI two letters disagreeing with YAI's analysis and, to date, has not issued a decision on Levy's compensation. (COF ¶ 111, 113; Dkt. No. 291 ("Def.'s Obj.") at 18.)

B.   Review of the Report

The Report examined whether the N-PCL, the IRC, or YAI's by-laws permit YAI to withhold Levy's compensation on the ground that the corporation now deems Levy's retirement package to be unlawfully excessive.  The Report determined that YAI could not withhold Levy's compensation and recommended that the Court deny YAI's motion for partial summary judgment.  Judge Netburn concluded, specifically, that (1) neither the N-PCL nor the IRC authorizes YAI's unilateral decision to withhold Levy's benefits payments, and (2) public policy considerations do not authorize YAI to set aside the SERP as unenforceable.

Judge Netburn based this conclusion on a careful analysis of state and federal law.  As to New York law, the Report explained that the N-PCL prohibits excessive compensation of non-profit employees and creates a right of action—under § 720—to enforce that prohibition. (Dkt. No. 282 at 8 (citing N-PCL §§ 515, 720).)  Judge Netburn reasoned that YAI cannot invoke the unreasonableness of Levy's compensation as a defense to his ERISA claim when YAI has not filed a § 720 suit.  (*Id.*)  The Report determined, moreover, that YAI could not meet the statutory elements to prevail on a § 720 suit, and that even if it could, any § 720 action would be barred by ERISA, which explicitly preempts state law claims related to employee benefits where ERISA remedies are available.  (*Id.* at 9 (citing ERISA § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3)).)  Accordingly, Judge Netburn concluded that the N-PCL does not provide a justification for YAI to withhold payments to Levy.

As to federal law, the Report noted that the IRC forbids excessive payments to non-profit executives and creates an "elaborate regulatory scheme" for correcting overpayments.  (*Id.* at 7; *see also* 26 U.S.C. §§ 4958(a)-(f).)  In light of that scheme, Judge Netburn concluded that there is no basis for finding an implied private right of action in IRC provisions barring excessive

payment. (Dkt. No. 282 at 12.) The Report concluded that, since YAI could not sue under the IRC, it could not invoke that Code to withhold Levy's compensation.

Finally, the Report rejected YAI's public policy argument for nonenforcement of the SERP. In its motion for summary judgment, YAI argued that the SERP is unenforceable because it conflicts with "an overarching public policy" against excessive compensation. (Dkt. No. 266 ("Def.'s Mem.") at 8, 11 n.4.) The Report determined that enforcement of Levy's SERP would not endanger public health or constitute fraud, and thus, that the SERP was not *per se* unenforceable under New York law. (Dkt. No. 282 at 14-15.) Judge Netburn also reasoned that, even if the SERP were unlawful, public policy would not favor a federal court rewriting its terms when Congress and the New York legislature have developed schemes to regulate pension payments and remedy excessive compensation. The Report concluded that, absent a finding of some wrongdoing by Levy, public policy supports enforcement of his contract with YAI.

**II.     Legal Standard**

A district court reviewing a report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where there are no objections to a report, the court reviews it for clear error. *Coach, Inc. v. O'Brien*, No. 10-CV-6071, 2012 WL 1255276, at *1 (S.D.N.Y. Apr. 13, 2012) (Oetken, J.). Where a party objects, however, the district court reviews the report *de novo*. *Id.* "In order to merit de novo review, a party's objections must be specific rather than conclusory or general." *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) (Nathan, J.). "Merely perfunctory responses . . . rehashing [] the same arguments set forth in the original petition" do not warrant *de novo* review. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**III.    Discussion**

YAI objects to the Report on the grounds that it (1) fails to recognize that YAI's authority to withhold Levy's payments derives from the SERP rather than from the N-PCL or IRC, (2) misconstrues the public policy considerations at issue, and (3) improperly decides material issues of fact.

**A.    YAI's Authority under the SERP**

In its motion for partial summary judgment, YAI argued that the N-PCL and IRC authorized it to withhold Levy's SERP payments. (Def.'s Mem. at 14.) The Report concluded that those statutes did not permit YAI's conduct. (Dkt. No. 282 at 7.) Rather than contest this conclusion,[3] YAI now argues that the Report "misses the point" because YAI's authority to withhold Levy's payments derives not from the sources it originally cited, but from its role as administrator of the SERP. (Dkt. No. 291 ("Def.'s Obj.") at 10-11, 15.)

YAI's argument involves several steps. YAI contends, first, that the SERP authorizes it to make an independent determination that Levy's compensation is in violation of the law, and second, that ERISA requires it to make ongoing determinations that payments are lawful. (Def.'s Obj. at 11, 15.) YAI argues that, because it has the power to determine that Levy's compensation is unlawful, and because ERISA requires it to exercise that power as the administrator of Levy's SERP, its decision to withhold Levy's payments is appropriate and lawful. (*Id.* 15-16.)

---

[3] The Court understands YAI's core contention to be that its authority derives from a source overlooked in the Report. To the extent that YAI objects to the Report's analysis of the N-PCL and IRC, the Court determines, first, that YAI has not raised any arguments not aired in its briefs, and second, that the Report makes no clear errors in its analysis of the applicable law.

Plaintiffs urge the Court to strike this argument because YAI did not raise it until its reply memorandum.[4] (Dkt. No. 303 at 9.) But the Court need not reject the argument on that ground, for even if YAI had made it earlier, its argument would fail. YAI's core assertion is that the SERP authorizes it to decide—unilaterally and retroactively—that Levy's compensation is unlawfully excessive, and to withhold vested benefits on that basis. The SERP provides no such authorization. (*See* Dkt. No. 292 at 13.) While the SERP permits YAI to determine the amount of benefits paid to plan participants, it explicitly prohibits amendments that reduce vested benefits. (*See* Dkt. No. 22-1 §§ 3.1, 7.1.) And while YAI may have discretion to interpret the SERP's terms, its exercise of that discretion cannot be arbitrary or capricious.[5]

Through its objections to the Report, YAI seeks to reinterpret the SERP to undermine the contract's clear protection of vested benefits. The SERP does not permit such an interpretation. YAI's effort to recast its argument in terms of authority inherent in Levy's pension plan is unavailing.

---

[4] Plaintiffs also argue that YAI cannot invoke its authority under ERISA to defend against Levy's ERISA claim when YAI has not sued Levy under ERISA § 502(a)(3). (*See* Dkt. No. 303 at 24; Dkt. No. 291 at 16). Because the Court concludes that the SERP does not authorize YAI's conduct, it need not address whether YAI's posture as a defendant in this suit bars its argument.

[5] The federal courts of appeals are divided as to the appropriate standard of review in cases involving the denial of benefits under a "top-hat" plan, *i.e.*, a pension plan that is "maintained by an employer for a select group of management or highly compensated employees." 29 C.F.R. § 2520.104-23(a); *see also Am. Int'l Grp., Inc. Amended & Restated Exec. Severance Plan v. Guterman*, 496 Fed. App'x. 149, 151 (2d Cir. 2012) (noting but not reaching the circuit split). *Compare Goldstein v. Johnson & Johnson*, 251 F.3d 433, 443 (3d Cir. 2001) (conducting *de novo* review); *with Comrie v. IPSCO Inc.*, 636 F.3d 839, 842 (7th Cir. 2011) (applying an arbitrary and capricious standard). The Court need not decide which standard prevails because the SERP contains explicit provisions protecting vested benefits. Given these provisions, YAI's decision to withhold Levy's payments fails under either standard of review.

B.     **Public Policy Considerations**

YAI's second objection to the Report is that Judge Netburn "misapplied precedent" on the "fundamental public policy against enforcing illegal contracts." (Def.'s Obj. at 12.) YAI contends, specifically, that the Report "ignored" *Schlessinger v. Valspar Corp.*, 686 F.3d 81 (2d. Cir. 2012). To the contrary, the Report cites *Schlessinger* and contains a well-reasoned analysis of the enforceability of contracts under New York law. (*See* Dkt. No. 282 at 14-15.) YAI has not presented new arguments for voiding the SERP on public policy grounds, and the Report contains no error, clear or otherwise, in its analysis. The Court adopts Judge Netburn's analysis in full.

C.     **Factual Issues**

YAI's final objection to the Report is that Judge Netburn "prematurely and incorrectly" decided material disputes of fact. (Def.'s Obj. at 16-17.) YAI cites eight disputes of fact: (1) whether the consultants who reviewed Levy's compensation package considered the reasonableness of the SERP; (2) whether those consultants advised that Levy's total compensation was not an excess benefit under the IRC; (3) whether the IRS concluded that Levy's compensation was an excess benefit; (4) whether the SERP is "grandfathered" from the IRC's intermediate sanction rules; (5) whether the Board's 2008 amendments to the SERP reduced Levy's benefits beyond earlier changes to his compensation package; (6) whether YAI ceased SERP payments to all executives in August 2011; (7) whether the Mercer report assumed that the SERP was grandfathered; and (8) whether YAI obtained legal opinions to support the Mercer Report's determination that Levy's compensation was unlawfully excessive. (*Id.*)

To the extent that they are live, these factual disputes are not material to the legal question of whether the IRC, the N-PCL, or the SERP authorizes YAI to withhold Levy's

payments.  "A fact is material if it might affect the outcome of the suit under governing law." *Peguero v. City of New York*, No. 12-CV-5184, 2015 WL 1208353, at *4 (S.D.N.Y. Mar. 17, 2015) (Oetken, J.) (citations omitted).  Having reviewed the Report and the record, the Court concludes that none of YAI's assertions of fact would alter the outcome of Judge Netburn's careful legal analysis.

Finally, to the extent that YAI objects to the scope of the Report, the Court concludes that Judge Netburn properly considered the question she instructed the parties to brief in her Order dated May 5, 2015.  (Dkt. No. 230.)  The argument that YAI preferred a different framing of the issues is unavailing at this stage, when both parties have been afforded opportunities to make written and oral arguments on the question Judge Netburn presented.

**IV.   Conclusion**

For the foregoing reasons, and the reasons explained in Judge Netburn's Report, that Report (Dkt. No. 282) is hereby ADOPTED in full, and YAI's motion for partial summary judgment (Dkt. No. 261) is hereby DENIED.

The Clerk of Court is directed to close the motion at Docket Number 261.


SO ORDERED.


Dated:  December 2, 2015
        New York, New York

_____
J. PAUL OETKEN
United States District Judge