UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOEL M. LEVY, et al.,

                              Plaintiffs,                    13-CV-02861 (JPO)(SN)

        -against-                                        **OPINION AND ORDER**

YOUNG ADULT INSTITUTE, INC., et al.,

                              Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Defendants Young Adult Institute, Inc. ("YAI") and Eliot P. Green move to amend their answers to add indemnification counterclaims premised on a contract that has been central to this case from its beginning. The deadline to amend the pleadings passed more than two years ago, and the defendants have not shown good cause for allowing their untimely amendments. Accordingly, the motions are DENIED.

## BACKGROUND

      This ERISA case concerns benefits allegedly due to Joel M. Levy and his spouse Judith Lynn under a supplemental executive retirement plan ("SERP") established by his former employer YAI. On December 21, 2009, Levy, Lynn, and YAI signed an Acknowledgement and Release ("A&R") that purportedly released some of Levy's rights under the original SERP. An A&R provision obliged Levy and Lynn to defend, indemnify, and hold harmless YAI, its agents, and its directors in any action related to the A&R. ECF No. 413-3 at 3.

      YAI paid Levy's benefits in accordance with the A&R from 2009 to 2011. When YAI stopped paying benefits, Levy and Lynn brought this lawsuit. Their first complaint, filed on

April 30, 2013, included a detailed discussion of the A&R and the circumstances of its drafting. As they would in subsequent complaints, Levy and Lynn argued that the A&R was invalid because it lacked consideration and contravened the limitations on amendment set forth in the original SERP. Levy and Lynn also alleged that Green violated his fiduciary duty by inducing them to sign the A&R.

The defendants moved to dismiss, and the motion was granted in part. On December 12, 2013, while the motion remained pending, the Court entered a Case Management Plan and Scheduling Order in accordance with Federal Rule of Civil Procedure 16. It provided:

> The parties may amend the pleadings or join additional parties within 14 days after the Honorable J. Paul Oetken rules on the Court's Report and Recommendation on the motion to dismiss. An amendment to the pleadings shall be limited to clarifying the capacity in which Young Adult Institute, Inc. is being sued and adding recently appointed trustees as defendants. Defendants shall file their answer within the time provided for under the Federal Rules of Civil Procedure.

ECF No. 48 at 1. Judge Oetken adopted the Report and Recommendation in part on March 31, 2014.

On April 14, 2014, Levy and Lynn filed their Second Amended Complaint. Like the first Complaint, it dwelled at length on the circumstances surrounding the A&R. They argued that the A&R was invalid and that Green violated his fiduciary duty by inducing them to sign it.

Green answered on May 19, 2014. He asserted eight affirmative defenses including that Levy and Lynn's claim was "barred by their releases." ECF No. 96 at 48. The answer did not specifically mention the A&R's indemnification provision and asserted no counterclaims.

YAI answered on May 19, 2014. It asserted 15 affirmative defenses including that Levy and Lynn's claims were "barred, in whole or in part, by the doctrines of release and waiver." ECF No. 97 at 50. YAI asserted two counterclaims against Levy: a faithless servant claim and

2

breach of fiduciary duty. YAI did not assert a counterclaim for indemnification or mention the A&R's indemnification provision.

The Second Amended Complaint erroneously reasserted several claims that Judge Oetken had dismissed. After YAI moved to strike, the parties stipulated that Levy and Lynn could amend their complaint to remove those claims. Levy and Lynn filed the Third Amended Complaint on June 19, 2014. Green and YAI filed new answers on June 30, 2014. Their answers again omitted any mention of the A&R's indemnification provision and did not assert an indemnification counterclaim.

On October 22, 2014, Levy and Lynn moved to amend their Third Amended Complaint. Green and YAI's opposition argued that the motion should be denied as untimely under Federal Rule of Civil Procedure 16(b). According to them, Levy and Lynn's "delay" in seeking leave to amend "suggests both a lack of diligence and good cause, and, as such, leave to amend should be denied." ECF No. 140 at 31. The Court denied the motion as futile without reaching the question of whether Levy and Lynn had shown good cause for their delay.

The parties then began a campaign of scorched earth motions practice. Levy and Lynn moved for a temporary restraining order requiring YAI to preserve the assets in the SERP fund. After that motion was denied, they moved to dismiss YAI's counterclaims against Levy. When that motion was denied, Levy sought indemnification and defense from YAI under the N.Y. Not-for-Profit Corporation Law. When YAI denied Levy's request, he moved for an indemnification *pendent lite* and advancement of legal fees, a request the Court granted. After it became clear that YAI would have to pay for Levy's defense against its counterclaims, YAI voluntarily dismissed them. Meanwhile, YAI asked to "bifurcate" liability proceedings to streamline the issues in the case and spur productive settlement talks. The Court agreed to consider a motion for partial summary judgment concerning whether YAI was justified in withholding SERP payments

3

because, in YAI's view, Levy's compensation had been unreasonable under state and federal law. The Court denied the motion, but the parties did not settle.

On June 24, 2016, all the parties filed motions for summary judgment. A trial is set for November 14, 2016.

Now, more than two years after the deadline to amend the pleadings, Green and YAI seek to amend their answers to plead new counterclaims based on the A&R's indemnification and hold harmless provision. According to them, the amendment should be allowed even at this late date because under Rule 15 mere delay is not cause to deny leave to amend. Levy and Lynn oppose the motion on the grounds that amendment would be futile. After reviewing the parties' submissions, the Court requested supplemental briefing on the question of whether the motion should be evaluated under Rule 15 or Rule 16. The parties submitted simultaneous letter briefs on the question, and the Court has fully considered their arguments.

## DISCUSSION

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To advance this goal, the Rules give the court an array of instruments to prevent dilatory and wasteful litigation tactics. Chief among these tools is Rule 16, which requires the court to take early control over the litigation by setting strict time limits. These time limits serve "to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation." Fed. R. Civ. P. 16, Advisory Comm. Notes, 1983 Amendment. The Federal Rules envision a gradual winnowing of issues throughout the course of a litigation so that by the time a case goes to trial only the most important issues remain. But, as the revised Rule 1 makes clear, the court does not

bear sole responsibility for identifying, clarifying, and narrowing issues for trial. The parties "share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 Advisory Comm. Notes, 2015 Amendment.

The defendants have not borne their responsibility. Rather than identifying promptly the basis for their purported counterclaim, Green and YAI dithered for years before moving to amend their answers. The Federal Rules discourage procrastination, and, for the reasons that follow, the Court will not reward it.

A party may amend its pleading "as a matter of course" within 21 days of service of the complaint or within 21 days of service of a response. Fed. R. Civ. P. 15(a)(1). After that time, an amendment requires either the consent of the opposing parties or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15, the "court should freely give leave when justice so requires." Id.

But when a scheduling order has been entered under Rule 16, the "lenient standard under Rule 15(a)" must be balanced "against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks omitted). The "finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Thus, a court "typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action." City of Syracuse v. Onondaga Cnty., 464 F.3d 297, 308 (2d Cir. 2006) (citing 7 Wright, Miller, & Kane, § 1688.1 at 510). Diligence, however, is not the only consideration. "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing amendment of the pleading at this stage of the litigation will prejudice" any of the parties. Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007).

5

Green and YAI have not shown good cause. The deadline for amending the complaint passed more than two years ago, on Monday, April 14, 2014, 14 days after Judge Oetken ruled on the motion to dismiss. Since then, Green and YAI have each filed two responsive pleadings without raising the counterclaims they now seek to assert. The basis for their counterclaims was clear from the record in 2014—it is a provision of the A&R, which has formed the basis of Levy and Lynn's claims from the beginning. Although YAI now claims that the importance of the A&R became obvious only after the Court decided the motion for partial summary judgment, the record definitively refutes that assertion. Similarly, Green's counsel represented that "the application of this indemnification provision didn't really occur to us—and by 'us' I should give most of the credit to my associate Kevin—until we received [Levy's] damages interrogatory response . . . ." ECF No. 393 at 21. But the relevance of the release language should have been obvious to Green's counsel from the face of Levy and Lynn's first Complaint, which sought "monetary damages" arising from Green's breach of fiduciary duty "when he reviewed and approved the Acknowledgement and Release . . . ." ECF No. 1 at 30-31.

YAI claims that the good cause standard of Rule 16 "cannot apply since there is no scheduling order setting the deadline for amendments generally." ECF No. 447 at 1. According to YAI, the December 2013 Scheduling Order applied only to the plaintiffs because it included a sentence purportedly limiting plaintiffs' right to amend. This argument does not withstand scrutiny. Rule 16 *requires* the scheduling order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The December 2013 Order plainly set such a deadline, which allowed the "parties" to "amend the pleadings or join additional parties within 14 days after the Honorable J. Paul Oetken rules on the Court's Report and Recommendation on the motion to dismiss." ECF No. 48 at 1. The Order did not make any exception for amending the defendants' pleadings, and any limitation the Order purportedly

6

placed on the plaintiffs' right to amend did not exempt the defendants from the requirements of Rule 16.

Green claims that the December 2013 Order has been "superseded" by subsequent changes in case deadlines, and, consequently, that no deadline to amend the pleadings remains in force. The Court has repeatedly extended discovery and motions deadlines in this extraordinarily contentious case. But the Court has not revised the deadline for amending the pleadings or given the parties any reason to believe that it has changed. The Court is not obliged to specify in every order extending deadlines which deadlines have not been extended.

Green also suggests that the December 2013 Order could not apply to the defendants' deadline to amend because their answer was not due until *after* the deadline to amend. Because their time to amend as of right had not elapsed before the Court's deadline to amend, he argues, the December 2013 Order prejudiced the defendants' right to amend. But the Court of Appeals has definitively rejected this logic. In Kassner v. 2nd Ave. Delicatessen Inc., the court held that "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." 496 F.3d at 244. Establishing a time period for amending the pleadings allows the court to assure "that at some point the both the parties and the pleadings will be fixed," and, accordingly, the Court's supervisory powers under Rule 16 trump the default deadlines established elsewhere in the Federal Rules. Id. at 243 (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes, 1983 Amendment). In any event, if Green felt unfairly burdened by the December 2013 Order, he could have timely raised his concerns.

Notwithstanding any absence of good cause, Green and YAI argue, the Court should exercise its discretion to consider their motions. They argue that allowing amendment at this late stage will advance the goal of determining "disputes on their merits rather than on the basis of

7

procedural niceties or tactical advantage." ECF No. 449 at 2 (quoting Wright & Miller, Federal Practice and Procedure, § 1522).

Rule 16's scheduling requirements are not "procedural niceties." Rule 16 empowers the Court to manage a litigation by identifying and clarifying issues before trial. A chess player simplifies the board by eliminating pieces in anticipation of the endgame. The Federal Rules envision a similar course for federal litigation—the court and the parties must work together to narrow the scope of contested issues before finally presenting them at trial. The defendants' motions would add new pieces to the board at the end of the game. The Court declines to allow them that opportunity.

Nor does the Court give the plaintiffs an unfair "tactical advantage" by denying the defendants' motions. The defendants ceded that advantage by failing to raise their counterclaims in the two years since Judge Oetken ruled on their motion to dismiss. In our adversarial system, a party must advance its own interests in the time allowed by the court. Parties, no less than the court, bear a responsibility to define and narrow issues, and parties bear the sole responsibility to ensure that their interests are the ones that survive scrutiny. The law does not reward litigants who sleep on their rights, and pointing out an adversary's unjustifiable delay is not a mere wile.

## CONCLUSION

The motions to amend are DENIED. The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 396 and 412.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         June 29, 2016

8