UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  JOEL M. LEVY and JUDITH W. LYNN,

                                Plaintiffs,

                                13-CV-2861 (JPO)
               -v-

                                OPINION AND ORDER
  YOUNG ADULT INSTITUTE, INC., *et al*.,

                              Defendants.
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      On June 29, 2016, Magistrate Judge Sarah Netburn issued an Order addressing motions by Defendants Young Adult Institute, Inc. ("YAI") and Eliot P. Green to amend their answers to add indemnification counterclaims. (Dkt. No. 472; *see* Dkt. No. 396; Dkt. No. 412.) In that Order, Judge Netburn denied Defendants' motions. (Dkt. No. 472 at 1.) YAI thereafter objected to Judge Netburn's ruling. (Dkt. No. 473.) Plaintiffs opposed the objection on August 5, 2016. (Dkt. No. 507.)

      Pursuant to Federal Rule of Civil Procedure 72(a) and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), the standard of review a federal district court should use when considering a ruling by a magistrate judge "turns on whether the magistrate's decision is dispositive of a claim." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 CV 3749, 2009 WL 3467756, at *3–4 (S.D.N.Y. Oct. 28, 2009). For non-dispositive matters, a district judge "must consider timely objections [to a non-dispositive ruling by a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Indergit v. Rite Aid Corp.*, No. 08-CV-9361, 2016 WL 236248, at *1 (S.D.N.Y. Jan. 19, 2016) (quoting Fed. R. Civ. P. 72(a)). When reviewing a magistrate judge's order regarding a dispositive motion, a district court "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific

1

written objection has been made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  The Second Circuit has suggested that a denial of a motion for leave to amend warrants the "clearly erroneous" standard.  *See Fielding v. Tollaksen,* 510 F.3d 175, 178 (2d Cir. 2007) (quoting Fed. R. Civ. P. 72(a)).  And "[t]he weight of opinion appears to favor treating such rulings as nondispositive."  *Sokol Holdings, Inc.*, 2009 WL 3467756, at *3–4 (citing *DiPilato v. 7–Eleven, Inc.,* No. 07–7636, 2009 WL 2633130, at *2 (S.D.N.Y. Aug. 25, 2009); *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 90–91 (S.D.N.Y. 2002)).  But some courts in this district have nonetheless treated motions to amend as dispositive.  *See, e.g.*, *Covington v. Kid,* No. 94–4234, 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999) (finding that because a magistrate judge's denial of leave to amend the complaint foreclosed potential claims against defendants, it was dispositive).

Reviewed under a "clear error" standard, Judge Netburn's ruling stands.  "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Indergit*, 2016 WL 236248, at *1 (citation omitted).  A decision is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Golden Horn Shipping Co. Ltd. v. Volans Shipping Co. Ltd.,* No. 14-CV-2168, 2015 WL 6684518, at *1 (S.D.N.Y. June 30, 2015) (citations and alterations omitted).  This standard of review is "highly deferential . . . and reversal is appropriate only if [the magistrate judge's] discretion is abused."  *Advanced Analytics, Inc. v. Citigroup Global Mkts. Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (citation omitted)

Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Indergit*, 2016 WL 236248, at *1 (citation omitted).  Magistrate Judge Netburn considered both parties' arguments and, in a well-reasoned order, determined that Defendants should not be permitted to amend their answers to add indemnification counterclaims "premised on a contract that has been central to this case from its beginning," especially considering that the deadline for such amendments "passed more

than two years ago." (Dkt. No. 472 at 1.) There is no reason to depart from this determination, particularly under the "clear error" standard for relief.

In the alternative, evaluating the merits of the question *de novo*, this Court still concludes that YAI's motion should be denied. Where, as here, a scheduling order has been entered under Federal Rule of Civil Procedure 16, the "lenient standard" to amend pleadings under Rule 15(a) must be balanced "against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks omitted). A court "typically will deny a request [to amend] that comes so late in litigation that it will delay the case or prejudice any of the parties in the action." *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 3d § 1688.1 at 510 (West 2001)).

YAI has not shown good cause to amend its answer two years after the deadline. (Dkt. No. 492 at 5.) And the belatedness of the request weighs against applying a more lenient standard. Furthermore, while YAI contends that Plaintiffs will not be "prejudiced" by this amendment, Plaintiffs argue to the contrary that they "would have reassessed their litigation strategy if the indemnification claim had been asserted earlier." (Dkt. No. 507 at 9.)

While courts have discretion to abandon entirely the "good cause" standard and to use instead the liberal Rule 15(a) standard, *see, e.g.*, *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014), such a departure is unwarranted here given the totality of the circumstances.

Defendant YAI's objection to Judge Netburn's ruling is OVERRULED.

The Clerk of Court is directed to close the motion at docket number 473.

SO ORDERED.

Dated: August 18, 2016
      New York, New York

                                                  J. PAUL OETKEN
                                           United States District Judge