**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOEL M. LEVY and JUDITH W. LYNN,<br><br>                                  Plaintiffs,<br><br>        v.<br><br><br>YOUNG ADULT INSTITUTE, INC., d/b/a YAI NATIONAL INSTITUTE FOR PEOPLE WITH DISABILITIES, et al.,<br><br>                                  Defendants. | 13-CV-02861(JPO)(SN)<br><br>ECF Case<br><br>**PROPOSED JOINT PRETRIAL ORDER** |

Plaintiffs Joel M. Levy ("Levy") and Judith W. Lynn ("Lynn," and together with Levy, the "Plaintiffs") and defendants Young Adult Institute, Inc., d/b/a YAI National Institute for People with Disabilities ("YAI"), the Board of Trustees of YAI (the "Board"), the Pension Retirement Committee of the Board (the "Pension Retirement Committee"), the Supplemental Pension Plan and Trust for Certain Management Employees of YAI (the "SERP"), and the Life Insurance Plan and Trust for Certain Management Employees of YAI (the "LIPT") (collectively, the "YAI Defendants") submit this Proposed Joint Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 5.A of the Honorable J. Paul Oetken's Individual Rules of Practice in Civil Cases.[1]

---

[1] Pursuant to the Opinion and Order by the Honorable J. Paul Oetken (dkt. 527) (the "SJ Order"), defendants Israel Discount Bank of New York and Eliot P. Green were dismissed from the above-referenced action.

# I.    THE FULL CAPTION OF THE ACTION

JOEL M. LEVY and JUDITH W. LYNN,

                              Plaintiffs,

        v.                                                    13-CV-2861 (JPO)(SN)

YOUNG ADULT INSTITUTE, INC., d/b/a YAI
NATIONAL INSTITUTE FOR PEOPLE WITH
DISABILITIES, in its individual capacity and in its
capacity as administrator of the Supplemental Pension
Plan and Trust for Certain Management Employees of
Young Adult Institute and the Life Insurance Plan and
Trust For Certain Management Employees of YAI,
BOARD OF TRUSTEES OF YOUNG ADULT
INSTITUTE, INC., as administrator of the
Supplemental Pension Plan and Trust for Certain
Management Employees of Young Adult Institute,
PENSION RETIREMENT COMMITTEE OF THE
BOARD OF TRUSTEES OF YOUNG ADULT
INSTITUTE,  as administrator of the Supplemental
Pension Plan and Trust for Certain Management
Employees of Young Adult Institute, ISRAEL
DISCOUNT BANK OF NEW YORK, as Trustee of
The Supplemental Pension Plan and Trust for Certain
Management Employees of Young Adult Institute, the
SUPPLEMENTAL PENSION PLAN AND TRUST
FOR CERTAIN MANAGEMENT EMPLOYEES OF
YOUNG ADULT INSTITUTE, LIFE INSURANCE
PLAN AND TRUST FOR CERTAIN MANAGEMENT
EMPLOYEES OF YAI, and ELIOT P. GREEN,

                              Defendants.

II.   **CONTACT INFORMATION FOR TRIAL COUNSEL**

<u>Attorneys for Plaintiffs</u>

**RAKOWER LAW PLLC**
Michael C. Rakower
Melissa Yang
488 Madison Avenue, 18th Fl.
New York, NY 10022
Telephone: (212) 660-5550
Facsimile: (212) 660-5551
mrakower@rakowerlaw.com
myang@rakowerlaw.com

<u>Attorneys for the YAI Defendants</u>

**Groom Law Group, Chartered**
**Michael J. Prame, Esq.**
202-861-6633; mprame@groom.com
**Edward J. Meehan, Esq.**
202-861-2602; emeehan@groom.com
**Katherine B. Kohn, Esq**.
202-861-5435; kkohn@groom.com
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20005

III.   **BASIS OF SUBJECT MATTER JURISDICTION**

   1.   **Basis of Federal Question and Diversity of Citizenship Subject Matter Jurisdiction**

This action concerns causes of action asserted under the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA § 502(e), 29 U.S.C. § 1132(e). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs, on one hand, and the YAI Defendants, on the other, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

   2.   **Factual Background Relevant to Diversity of Citizenship Jurisdiction**

      a.   <u>Plaintiff Levy</u>

Plaintiff Joel M. Levy ("Levy") is a citizen of the State of Florida.  Pursuant to ERISA § 3(7), 29 U.S.C. § 1002(7), Levy is a "participant" of the SERP.  Levy has asserted against defendants YAI, the Board, the Pension Retirement Committee, and the SERP: (1) claims pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), seeking to recover benefits due to him under the SERP, enforce his rights under the SERP, and clarify his rights to future benefits under the SERP; and (2) a claim pursuant to ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), for an equitable accounting of the assets of the SERP.

Pursuant to ERISA § 3(7), 29 U.S.C. § 1002(7), Levy is also a "participant" of the Life Insurance Plan and Trust for Certain Management Employees of YAI (the "LIPT").  Levy has asserted against defendants YAI and the LIPT a claim pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), seeking to enforce his rights under the LIPT and clarify his rights to future benefits under the LIPT.

This Court has diversity of citizenship jurisdiction over Levy's claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), because Levy is a citizen of the State of Florida, on one hand, and the YAI Defendants are citizens of or are located in New York, on the other hand.  The matter in controversy concerning the SERP and the LIPT each exceeds $75,000, exclusive of interest and costs.

b.  Plaintiff Lynn

Plaintiff Judith W. Lynn ("Lynn") is a citizen of the State of Florida.  She is Levy's wife. Pursuant to ERISA § 3(8), 29 U.S.C. § 1002(8), Lynn is a "beneficiary" of the SERP.   Lynn has asserted against defendants YAI, the Board, the Pension Retirement Committee, and the SERP: (1) claims pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), seeking to clarify her

rights to future benefits under the SERP; and (2) a claim pursuant to ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), for an equitable accounting of the assets of the SERP.

This Court has diversity of citizenship jurisdiction over Lynn's claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), because Lynn is a citizen of the State of Florida, on one hand, and the YAI Defendants are citizens of or are located in New York, on the other hand.  The matter in controversy concerning the SERP and the LIPT each exceeds $75,000, exclusive of interest and costs.

## IV.    BRIEF SUMMARY OF CLAIMS AND DEFENSES

**Plaintiffs' Summary:**

This action concerns the rights and obligations under two employee benefit plans: (1) the SERP; (2) the LIPT.

### The SERP

Plaintiffs each asserted a claim pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to challenge YAI's decision to stop payment of Levy's retirement benefits under the SERP since July 15, 2011 and YAI's efforts to reduce Plaintiffs' vested benefits under the SERP.  They also asserted a claim pursuant to ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), to obtain an equitable accounting based on YAI's misuse of SERP funds.

The SERP was established in a document entitled the "Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute" dated July 1, 1985 (the "Original SERP").  Levy is a participant of the SERP.  Section 10.2.1 sets forth a formula to calculate benefits owed to a participant based upon, among other things, his "highest total annual earnings."  Section 10.2.1 also provides that the benefits are 100% nonforfeitable after the participant provides at least 19 years of service.  Levy commenced employment at YAI in 1970

and became fully vested in or about 1989.  Section 7.1 identifies YAI's right to amend the SERP

but precludes any amendment that has the effect of:

> (i) directly or indirectly divesting the interest of any Plan participant in any amount that he or she would have removed had he [sic] terminated his employment with the Institute immediately prior to the effective date of such amendment, or the interest of any beneficiary of such participant as such interest existed prior to the effective date of such amendment; (ii) vesting in the Institute or any successor entity any right, title or interest or to any assets of the Trust Fund….

Levy and Lynn married on May 8, 2007.  At that time, Lynn became a beneficiary of the

SERP, which provided Levy's spouse with the right to collect benefits in the same amount owed

to Levy for her lifetime if she survives him.  On September 23, 2008, Levy and YAI entered into

an employment contract (the "Employment Agreement").  Section 4(e) of the Employment

Agreement caps Levy's "highest total annual earnings" under Section 10.2.1 of the SERP to

$625,813.[2]  Pursuant to the Employment Agreement, YAI agreed to purchase a commercial

annuity to mimic the SERP's distribution features and that "all other provisions of the SERP

(inclusive of the SERP's annuity form of benefit, ten-year guaranty, *marital benefit*, *cost of living*

*adjustment features* and *identity of offset plans*) shall remain unchanged." (emphasis added.)

YAI adopted an amendment to the SERP, dated December 18, 2008, (the "Amended

SERP") that memorialized the $625,813 cap agreed to by Levy in the Employment Agreement.

However, even though YAI was precluded from divesting Levy of a vested benefit under Section

7.1 of the SERP, YAI had promised not to change the offset plans or the cost of living adjustment

features in the Employment Agreement, and the Amended SERP stated that nothing contained

therein "shall be construed to deny any Participant of any rights the Participant might have under

any agreement the Participant has entered into with the Institute…," YAI made two additional

---

[2] The Court found that Levy waived his right to amounts above $625,813 by entering into the Employment Agreement. (SJ Order at 34.)

changes in the Amended SERP that further reduced Plaintiffs' benefits. *First*, YAI added "The Young Adult Institute and Workshop, Inc. Employees' Limited Defined Benefit Target Plan" as a new offset. *Second*, YAI changed the cost of living adjustment index from CPI-W to CPI-U.

Levy retired on June 30, 2009 and went into "pay status" under the SERP at that time. Nothing in the SERP requires Plaintiffs to agree to benefit calculations or waive any rights before receiving benefits. Also, Section 7.1 of the SERP precludes a divestment of vested benefits and YAI had promised in the Employment Agreement not to change the marital benefit. Nonetheless, YAI withheld payment of Levy's SERP benefits until Levy and Lynn (a) accepted YAI's calculation of their benefits and (b) accepted a reduction of Lynn's lifetime spousal benefit from 100% to 72.83%. According to YAI, Levy's marriage to Lynn yielded an unacceptable increase in the spousal benefit because Lynn is 7 years younger than Levy's first wife. Eliot P. Green ("Green"), the Chair of YAI's Board, advised Levy that, if left unadjusted, the increased spousal benefit would put Plaintiffs' entire SERP benefit at risk of losing its grandfathered protection from intermediate sanctions. Green further advised that Plaintiffs' entire SERP could then be deemed excessive on the basis that YAI had never obtained a rebuttable presumption of reasonableness from the IRS or the New York State Attorney General's Office that covered the spousal benefit. Green further advised that if Levy and Lynn signed the A&R, then YAI would not report the SERP as an excess benefit transaction and that YAI would pay Levy's retirement benefits in accordance with the A&R and comply with all outstanding obligations of the Employment Agreement, including the purchase of an annuity mimicking the SERP's distribution features.

Based on Green's representations, Levy and Lynn capitulated and executed the A&R without the benefit of independent counsel. Shortly thereafter, YAI made a back payment of

benefits due and owing (though it did *not* pay interest on the past-due sum) and began paying SERP benefits based on the $625,813 cap.

In or about July of 2011, the SERP trustees resigned.  YAI stopped paying Plaintiffs' SERP immediately after the SERP trustees resigned.  YAI has not paid SERP benefits since that time. Plaintiffs seek payment pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), of Levy's SERP benefits based on the $625,813 cap under the Employment Agreement, without consideration of the additional offset plan and change in cost of living index set forth in the Amended SERP, on the grounds that those additional reductions violate Section 7.1 of the SERP, the Employment Agreement, and Section 10.3.5 of the Amended SERP which provides that its terms shall not be construed to deny Levy of rights under his Employment Agreement.  Plaintiffs also seek payment under the Employment Agreement without consideration of the spousal reduction set forth in the A&R, on the grounds that (i) the A&R lacks valid consideration (*i.e.,* whereas a compromise can establish a contract's consideration, the "compromise" referenced in the A&R is based on unenforceable consideration), (ii) YAI materially breached the A&R when it ceased payment and failed to purchase the annuity, thereby relieving Plaintiffs of any obligations thereunder; and (iii) Plaintiffs executed the A&R under duress.[3]  Plaintiffs seek a lump-sum payment of the present-value of their SERP based on (a) YAI's termination of the SERP; (b) SERP documents and YAI's historical precedent with other SERP participants; and (c) YAI's anticipatory repudiation of the A&R.  Alternatively, Plaintiffs seek a lump-sum payment of all

---

[3] The YAI Defendants contend that YAI ceased payment under the SERP because it believed that the benefits constituted unreasonable and excessive compensation in violation of federal and state laws and, separately, that OPWDD provided an enforceable instruction to the YAI Defendants not to pay.  These arguments have been rejected by this Court.  Last year, this Court rejected the YAI Defendants' argument that YAI may withhold payment of Levy's SERP benefits based on its belief that those benefits are unreasonable.  (*See generally* Opinion and Order on Report and Recommendation, dated December 2, 2015, (dkt. 313) ("PSJ Op.") (adopting in full Report and Recommendation, dated October 9, 2015, (dkt. 282) ("R&R").)  Recently, this Court rejected the YAI Defendants' *newly-asserted* argument that it is impracticable for YAI to pay Levy's SERP benefits based upon a purported instruction from OPWDD.  (Opinion and Order, dated October 18, 2016 (dkt. 527) ("SJ Op.") at 21-25.)

past-due SERP benefits and a determination obliging YAI to meet its going-forward commitments to Plaintiffs.  Plaintiffs also seek prejudgment interest on the amounts owed to them at a statutory rate of 9% per annum pursuant to CPLR § 5004 or, alternatively, at a rate of 5% compounded pursuant to the Original SERP § 10.2.5.

In 2012, the YAI Defendants negotiated and settled with all other SERP participants and paid out their benefits even though, unlike Levy, some of those participants had not yet retired or terminated their employment with YAI and were therefore not yet in pay status.  On October 19, 2012, the YAI Defendants also sought to effectuate an amendment that purported to cap benefits under the SERP to the "maximum reasonable benefit as determined by Mercer LLC" and revert the remaining assets of the SERP back to YAI (the "October 2012 Amendment"), even though Section 7.1 of the Original SERP precludes any amendment that would divest a participant of a vested benefit and that would vest in YAI any right or title to the assets of the SERP.

In conjunction with the October 2012 Amendment, YAI terminated the SERP and transferred over $14.9 million from the SERP back to YAI's general operating accounts.  In its Financial Statement, dated June 30, 2013 (the "Financial Statement"), YAI disclosed its termination of the SERP and that it had utilized approximately $8.9 million from the SERP (presumably, out of the $14.9 million that it had taken) to pay off a settlement in connection with *United States of America, et al., ex. rel. Richard Faden v. Young Adult Institute, Inc., d/b/a National Institute for People with Disabilities Network, et al.*, 09-CV-05003(RMB) ("*Faden*").  In the Financial Statement, YAI disclosed that it had left untouched only that portion of SERP proceeds that it alone determined was allocable to Plaintiffs.  On October 18, 2016, this Court concluded that the October 2012 Amendment is invalid.[4]  As a result of, *inter alia*, the YAI

---

[4] (SJ Op. at 37-38.)

Defendants' wrongful taking of $14.9 million and their premature payment of SERP benefits to other participants, the SERP, upon information and belief, currently lacks sufficient assets to satisfy payments to Levy.  As such, Plaintiffs have asserted their claim for an accounting pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) seeking equitable relief in the form of an accounting requiring the production of detailed records and accounts of all transactions involving the SERP as well as an order requiring that YAI return the assets that it had misappropriated back to the SERP trust.

The LIPT

Levy also commenced this action pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), to clarify his rights under the LIPT, specifically seeking a declaration that he has the sole right to name the beneficiary of his life insurance policies and that the benefits conferred under those policies do not serve as an offset to the amounts due under the SERP.  Upon information and belief, the YAI Defendants contend that Levy lacks such rights and that benefits under the LIPT serve as an offset to his benefits under the SERP, even though the terms of the SERP and LIPT themselves do not support the YAI Defendants' contention.

Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), for the prosecution of their claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).  If this Court grants an award of attorneys' fees and costs at trial or thereafter, Plaintiffs will present evidence to calculate the gross award (*e.g.* redacted invoices) following trial.

Prior Claims and Defenses Not To Be Tried

In an Order dated March 31, 2014 (dkt. 75), this Court granted Defendants' motion to dismiss with respect to Counts V, IX, X, XI, XII, XIII, and XIV of the First Amended Complaint. It dismissed Counts V (which sought a successor trustee to the SERP), Count IX (which sought a successor trustee to the LIPT), and Count X (which sought an order requiring YAI to transfer ownership of the Northwestern Mutual policies to the LIPT) as moot because Defendants afforded relief while the action was pending.  It dismissed Count XI (breach of fiduciary duty claim for failing to notify Levy that the Northwestern Mutual policies were no longer encumbered) for failure to state a claim.  It also dismissed as preempted by ERISA Counts XII (breach of the Employment Agreement's promise not to reduce benefits beyond the $625,813 cap), Count XIII (breach of the Employment Agreement for failing to purchase a commercial annuity), and Count XIV (unjust enrichment for obtaining the value of Levy's services without abiding by promises in Employment Agreement).

On December 2, 2015, this Court issued an Order (dkt. 313) denying the YAI Defendants' motion for partial summary judgment as to "whether YAI may withhold payment of [P]laintiffs' ERISA benefits on the grounds that they are excessive or unreasonable under New York law, federal law, or YAI's articles of incorporation and by-laws."  Similarly, on August 18, 2016, this Court rejected on summary judgment (dkt. 527) the YAI Defendants' defense of impracticability premised upon a purported instruction given to YAI by OPWDD not to pay benefits to Plaintiffs. In the same Opinion and Order, the Court granted summary judgment to defendant Eliot P. Green and dismissed Plaintiffs' breach of fiduciary duty claim against him (Count VIII of the Third Amended Complaint).  The Court also granted summary judgment to the YAI Defendants dismissing Plaintiffs' claims for benefits under the Original SERP (Counts I and II of the Third Amended Complaint) based on Levy's agreement to a cap of $625,813 in the Employment

Agreement.  The Court also granted summary judgment to Plaintiffs, concluding that the YAI Defendants have "no excuse for failing to pay Levy's retirement benefits," which shall be calculated premised upon the $625,813 cap.

On May 19, 2014, the YAI Defendants asserted counterclaims for breach of fiduciary duty and faithless servant against Levy premised upon his purported influence over the setting of his compensation.  On October 23, 2015, the YAI Defendants elected to dismiss those counterclaims with prejudice.

**The YAI Defendants' Summary:**

On October 18, 2016, the Court ruled on the parties' cross-motions for summary judgment (Dkt No. 527).  With respect to Plaintiffs' claims against the YAI Defendants, the Court ruled that Plaintiffs are not entitled to benefits in excess of the amount provided under the Amended SERP of $625,813 (prior to offsets).  The Court found that (1) Levy knowingly and voluntarily agreed to the cap on his benefit when he signed the Employment Agreement in 2008 and (2) the 2008 SERP amendment was valid and enforceable and that Levy agreed and consented to it.  The Court rejected Plaintiffs' arguments that the Amended SERP is not valid because Levy did not knowingly and voluntarily consent to it on the grounds that Ms. Fava misled him into believing the $625,813 cap had already been imposed in 2005 and that the 2008 SERP amendment was not made according to the SERP's amendment procedures.

The YAI Defendants understand that Plaintiffs will argue that the Amended SERP is not valid because it did not comply with section 7.1 of the SERP or the terms of the Employment Agreement.  Plaintiffs' arguments are precluded from the Court's Opinion and Order (Dkt. 527), where the Court found that Levy "explicitly consented to the Amendment".  Op. and Order at 34.

With respect to the 2009 Acknowledgment & Release ("A&R"), the Court found that the A&R was supported by adequate consideration, but found a triable issue as to whether YAI's purported breaches of the A&R (due to nonpayment of Levy's SERP benefit after August 2011 and failure to purchase a commercial annuity) were material enough to render the A&R unenforceable and warrant Plaintiffs' repudiation of the agreement.  The Court found Plaintiffs waived their argument that YAI did not follow the SERP's amendment procedures when adopting the A&R.

The Court dismissed as moot Plaintiffs' claims against IDB because IDB is no longer trustee of the SERP.  The Court also granted summary judgment in favor of Defendant Eliot Green.

The YAI Defendants assert the following defenses to Plaintiffs' claims that, given the Court's ruling on the parties' summary judgment motions, will be tried:

1. Plaintiffs' claims are barred by the doctrines of release and waiver because in signing the A&R, Plaintiffs released the YAI Defendants from all claims for benefit payments based on a SERP benefit in excess of $625,813 (prior to offsets).

2. The A&R is not voidable because YAI's breaches of the A&R, if any, are not material.

3. Plaintiffs' claims are barred by the defense of offset on the grounds that the YAI Defendants are entitled to an offset of any amounts the Court determines are owed to Plaintiffs with amounts Plaintiffs have been paid from the SERP, as well as the value of the certain life insurance policies that are assets of the SERP, but which Levy now claims are his property.

4. Plaintiffs' claims are barred on the grounds that the YAI Defendants acted reasonably and in good faith and properly exercised their business judgment when they suspended then continued to withhold SERP benefit payments to Levy and decided not to purchase a commercial annuity.

5. Plaintiffs' claims for benefits in excess of what is provided under the A&R are barred on the grounds that benefit payments from July 2009-July 2011 were in compliance with the SERP plan document, as amended.

The YAI Defendants no longer assert the following defenses, some of which have been resolved by the Court in its summary judgment rulings.  The YAI Defendants do not waive their right to appeal the Court's rulings:

1. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and laches;

2. Plaintiffs' claims are barred on the grounds that if Plaintiffs suffered or sustained any loss, damage, or injury, the risk of such loss, damage or injury was knowingly assumed by Plaintiffs.

3. Plaintiffs' claims are barred, in whole or in part, on the grounds that they do not satisfy the requirements of Fed. R. Civ. P. 9(b) in that the allegations made lack the requisite specificity;

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of faithless servant;

5. Plaintiffs' claims are barred, in whole or in part, on the grounds that they fail to state a state law claim upon which relief can be granted because all state law

claims are pre-empted by ERISA.

6. Plaintiffs' claims under ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) for benefits under the terms of the SERP as adopted in 1985 are barred by the six-year statute of limitations governing Plaintiffs' claims because YAI clearly repudiated Levy's benefits under the Original SERP more than six years before Plaintiffs filed this action.

7. Plaintiffs' claims for further retirement payments are barred as contrary to public policy, illegality, and ultra vires because such payments are unreasonable and excessive and YAI, as a not-for-profit and tax-exempt organization, should not pay unreasonable and excessive compensation to its executives.

8. Plaintiffs' claims are barred by the doctrines of ultra vires, illegality, and impracticability in light of the direction and orders of YAI's state regulator, the New York State Office for People with Developmental Disabilities' ("OPWDD"), not to pay Levy additional SERP benefits.

9. Plaintiffs' claims for benefits in excess of those provided for under the A&R are barred by the doctrine of accord and satisfaction on the grounds that Plaintiffs entered into the A&R, which provided for a gross (prior to offsets) SERP benefit of $625,813 and Plaintiffs' accepted two years' worth of SERP benefit payments based on that benefit amount.

10. Plaintiffs' claims for benefits under the Original SERP are limited and/or precluded in part by the doctrine of estoppel on the grounds that Levy was aware that YAI froze his SERP benefit on March 22, 2005 and took no steps to object to the freeze.

The remainder of the YAI Defendants' defenses are to be tried.

On June 30, 2014, the YAI Defendants asserted faithless servant and breach of fiduciary duty counterclaims against Levy. Those counterclaims were voluntarily dismissed with prejudice on October 23, 2015 and, therefore, will not be tried.

## V.     LENGTH OF TRIAL AND TRIER OF FACT

**Plaintiffs' Response:**  Plaintiffs believe that trial could be completed in 4 days and the action is to be tried without a jury. Plaintiffs reserve the right to continue the trial beyond 4 days, if necessary.

**The YAI Defendants' Response**:   The YAI Defendants believe trial should last no longer than two days, as there are only several discrete issues remaining to be tried, but accepted Plaintiffs' request to set aside four days for trial. The YAI Defendants remain concerned, however, that Plaintiffs are attempting to expand the scope and length of the trial unreasonably and in a way that is not consistent with the Court's Opinion and Order (Dkt. 527) and the parties' prior discussions. Subject to the foregoing, trial in this matter is scheduled to commence on November 15, 2016. The YAI Defendants believe that the trial should and will be completed on November 18, 2016.

## VI.     TRIAL BY A MAGISTRATE JUDGE

Plaintiffs and the YAI Defendants have not consented to trial by a Magistrate Judge.

## VII.     STIPULATIONS OR AGREED-UPON STATEMENTS OF FACT OR LAW

The parties' Stipulation of Facts and Law is annexed hereto as **Appendix A.**

## VIII.   LIST OF TRIAL WITNESSES[5]

**Plaintiffs' Response:**

---

[5] This list is _not_ indicative of the order in which witnesses shall be called at trial.

At the Court conference on November 7, Plaintiffs provided a witness list that did not contemplate live testimony from Jeffrey Mordos, YAI's 30(b)(6) witness, Israel Discount Bank of New York ("IDB Bank"), or Wells Fargo.  Based on the parties' exchange of the Stipulation of Facts and Law, Plaintiffs learned that IDB Bank's SERP statements did not accurately reflect the value of the SERP assets because IDB Bank identified the face value of the life insurance policies as opposed to their cash value.  Moreover, Plaintiffs learned that one or more of the insurance policies are not self-sustaining; if YAI is not paying the premiums on those policies, they will dissipate in value and eventually be cancelled.

Plaintiffs hoped to obviate the trial testimony of IDB Bank and Wells Fargo by questioning Mr. Mordos, YAI's 30(b)(6) witness on topics related to the "continued maintenance or termination of the SERP Plan and Trust."  In response, YAI claimed Mr. Mordos lacks personal knowledge.  YAI further advised that Mr. Mordos will be out of the country from November 15 through 18 but refused to identify Mr. Mordos' availability after November 18.  When Plaintiffs requested that YAI identify another witness with personal knowledge about the insurance policies under the SERP, YAI responded that "fact discovery is closed."

As highlighted by YAI's refusal to cooperate, Plaintiffs will now call a representative from IDB Bank and/or Wells Fargo to testify about the assets of the SERP.  Plaintiffs also reserve the right to move the Court to compel YAI to produce a suitable witness.

The below list does not include witnesses to be called for rebuttal and/or impeachment. Plaintiffs reserve the right to call custodian(s) of record, if necessary, with respect to exhibits.

Plaintiffs object to the scope of the anticipated testimony of the YAI Defendants' intended witnesses, and reserve the right to seek to limit the YAI Defendants' witnesses or testimony.

Plaintiffs note that the YAI Defendants vastly expanded the scope of their witnesses' testimony shortly before the filing of this joint pretrial order.

    **1.**    **Joel Levy:**  Mr. Levy will testify in person.  Mr. Levy will testify about (a) all aspects of his compensation, including, but not limited to, the SERP, the LIPT, and the Employment Agreement; (b) events and discussions that led to his execution of the A&R, the terms of the A&R, and the enforceability of the A&R; (c) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment, and the repercussions stemming from that suspension; (d) engagement and marriage to Judith Lynn; (e) agreement and discussions pertaining to YAI's promise to purchase a commercial annuity for Joel Levy and YAI's failure to do so; (f) administration of the SERP, including YAI's past practices of paying SERP benefits in a lump sum; (g) YAI's relationship with OPWDD; (h) scope of knowledge concerning Green's practice of recording his discussions; and (i) any limitations on YAI's rights to fund the SERP, including what monies could or could not be used.

    **2.**    **Judith Lynn:**  Ms. Lynn will testify in person.  Ms. Lynn will testify about (a) events and discussions that led to her execution of the A&R, the terms of the A&R, and the enforceability of the A&R; (b) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment, and the repercussions stemming from that suspension; and (c) engagement and marriage to Joel Levy.

    **3.**    **Jeffrey Mordos (YAI's 30(b)(6) Witness):**  Mr. Mordos' testimony will be provided through deposition excerpts.  Mr. Mordos' testimony concerns (a) amendments made to the SERP; (b) contributions into the SERP and distributions made from the SERP, including, but not limited to, YAI's taking of approximately $8.9 million pursuant to the terms of the October 19, 2012 Amendment; (c) the terms of the SERP and the Employment Agreement; (d) agreement

and discussions pertaining to YAI's promise to purchase a commercial annuity for Joel Levy and YAI's failure to do so; (e) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment; and (f) YAI's discussions with OPWDD or OMIG, including, but not limited to, benefits due to Levy under the SERP.

4.     **Eliot P. Green:** Mr. Green will testify in person.  Mr. Green will testify about: (a) events and discussions that led to the execution of the A&R, the terms of the A&R, and the enforceability of the A&R; (b) all aspects of the "elegant solution," including, but not limited to, discussions to obtain government assistance to cease payment of benefits to Levy; and (c) the SERP as it relates to (i) trustees, (ii) use or transfer of assets out of the SERP, (iii) suspension of payments and (iv) terms relating to Plaintiffs' vested rights, including, but not limited to, payment of benefits to any participant; (d) YAI's engagement of actuaries, compensation consultants and expert attorneys, including, but not limited to, Mercer LLP, who reviewed Levy's compensation; (e) communications with the IRS or the New York Attorney General about Levy's compensation; (f) agreement and discussions pertaining to YAI's promise to purchase a commercial annuity for Joel Levy; (g) YAI's discussions with OPWDD or OMIG, including, but not limited to, benefits due to Levy under the SERP; (h) his practice of recording his discussions; and (i) YAI's financial obligations pursuant to the *Faden* Action and its ability to fulfill those obligations.

5.     **Marcella Fava:** Ms. Fava will testify in person.  Ms. Fava will testify about: (a) YAI's compensation policies; (b) all aspects of Levy's compensation, including, but not limited to, the SERP, the LIPT, and the Employment Agreement; (c) the A&R; (d) Fava's tenure and resignation as SERP trustee; (e) all aspects of the "elegant solution"; (f) YAI's engagement of actuaries, compensation consultants and expert attorneys, including, but not limited to, Mercer LLP, who reviewed Levy's compensation; (g) agreement and discussions pertaining to YAI's

promise to purchase a commercial annuity for Joel Levy and YAI's failure to do so; (h) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment; (i) YAI's discussions with OPWDD or OMIG, including, but not limited to, benefits due to Levy under the SERP; and (j) scope of knowledge concerning Green's practice of recording his discussions.

6.     **Philip Levy:**  Philip Levy will testify in person.  Philip Levy will testify about: (a) events and discussions that led to Joel Levy's and Judith Lynn's execution of the A&R, the terms of the A&R, and the enforceability of the A&R; (b) the terms of the SERP; (c) scope of knowledge concerning Green's practice of recording his discussions; (d) any limitations on YAI's rights to fund the SERP, including what monies could or could not be used; (e) agreement and discussions pertaining to YAI's promise to purchase a commercial annuity for Joel Levy and YAI's failure to do so; (f) YAI's financial obligations pursuant to the *Faden* Action and its ability to fulfill those obligations.

7.     **Paul Levitz:**  Mr. Levitz will testify in person.  Mr. Levitz will testify about: (a) YAI's compensation practices; (b) all aspects of Levy's compensation, including, but not limited to, the SERP, the LIPT, and the Employment Agreement; (c) Levitz's tenure and resignation as SERP trustee; (d) knowledge of Joel Levy's engagement and marriage to Judith Lynn; (e) agreement and discussions pertaining to YAI's promise to purchase a commercial annuity for Joel Levy and YAI's failure to do so; (f) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment; and (g) scope of knowledge concerning Green's practice of recording his discussions.

8.     **Michael Connors:**  Mr. Connors will testify in person.  Mr. Connors will testify about: (a) any analysis, recommendation, or discussion provided to YAI concerning the SERP or

the LIPT; (b) events and discussions that led to Joel Levy's and Judith Lynn's execution of the A&R, the terms of the A&R, and the enforceability of the A&R; (c) all aspects of the "elegant solution"; (d) YAI's suspension of SERP payments without notice since August 1, 2011, including the claw back of the July 15, 2011 payment; (e) discussions with any individual at OPWDD or OMIG concerning YAI and any discussions with YAI concerning those discussions with OPWDD or OMIG; (f) scope of knowledge concerning Green's practice of recording his discussions; and (g) any limitations on YAI's rights to fund the SERP, including what monies could or could not be used.

9. **Craig Miller:**  Mr. Miller will testify in person.  Mr. Miller will testify about (a) all aspects of YAI's financial conduct and intentions as it relates to the SERP, including SERP balances, projections of the SERP's liabilities on a per participant basis, recommendations to YAI concerning SERP contributions for participants, communications with YAI concerning distributions from the SERP, and actual payments from the SERP; (b) consultations with YAI over contemplated commercial annuity purchases and YAI's failure to make those purchases; (c) actuarial calculations relating to the SERP, including interpretation of "Exhibit I" to the A&R; and (d) scope of knowledge concerning Green's practice of recording his discussions.

10. **Israel Discount Bank of New York:**  A representative of Israel Discount Bank of New York ("IDB Bank") will testify in person.  IDB Bank will testify about the assets of the SERP and LIPT, including any transfers made during its tenure as trustee.

11. **Wells Fargo:**  A representative of Wells Fargo will testify in person.  Wells Fargo will testify about the assets of the SERP and LIPT, including any transfers made during its tenure as trustee.

**12.**    **Harold Deiters:  (Plaintiffs' Damages Expert):**  Mr. Deiters will testify in person.
Mr. Deiters will testify about Plaintiffs' damages as they relate to the SERP if the parties cannot
reach agreement on damages.

**13.**    **James Moran:**  Mr. Moran will testify in person.  Mr. Moran will testify about (a)
the scope of his authority at OPWDD; (b) the use and purpose of Early Alert; (c) the circumstances
surrounding the placement of YAI on Early Alert and removal of the same (c) discussions he had
when employed at OPWDD concerning YAI's payment practices; (d) discussions with YAI
pertaining to Joel Levy's compensation, including, but not limited to, any purported instructions
given by OPWDD to YAI not to remit payment of SERP benefits to Levy; (e) any limitations on
YAI's rights to fund the SERP, including what monies could or could not be used; (f) information
requested or obtained to assess YAI's financial strength and any determinations made concerning
the same; and (g) the quality of YAI's programming.

**The YAI Defendants' Response:**

The YAI Defendants object to the scope of the anticipated testimony of Plaintiffs' intended
witnesses as outside the scope of the issues remaining to be tried following this Court's Opinion
and Order (Dkt. 527).  The YAI Defendants reserve the right to seek to limit Plaintiffs' witnesses
and/or the scope of the testimony Plaintiffs seek to elicit, and to adjust scope of testimony the YAI
Defendants seek to elicit from the witnesses they call in their case-in-chief.

The YAI Defendants further object to the expansion of Plaintiffs' witness list to include
Israel Discount Bank and Wells Fargo.  The YAI Defendants also object to any attempt to call
Jeffery Mordos, the Rule 30(b)(6) witness designated by YAI to testify about certain topics, as a
witness to provide live testimony at trial.  Plaintiffs previously designated his deposition testimony
only, they do not have a right to call him to testify live at trial, and Federal Rule of Evidence 602

precludes Mr. Mordos' testimony because he has no personal knowledge about the topics on which he testified at deposition. The YAI Defendants further object to the extension of the trial to include any newly-identified witness.

Subject to the foregoing, the following is the YAI Defendants' list of witnesses reasonably expected to be called at trial (in person, unless otherwise designated), excluding witnesses to be called for rebuttal and/or impeachment. The YAI Defendants reserve the right to call custodian(s) of record, if necessary, with respect to exhibits.

1.   **Marcella Fava**- Ms. Fava will testify, among other things, about the increased cost of the spousal benefit for Judith Lynn; considerations regarding the SERP's purchase of commercial annuities; that commercial annuities would have been an asset of the SERP; Levy's granting of extensions for the SERP to purchase commercial annuities; communications with SERP participants regarding limitations on the funding of the SERP and reduced distributions to the SERP participants; YAI's inability to use Medicaid dollars to fund the SERP; the Medicaid settlements with the state and federal governments; communications with the state and federal governments regarding YAI's executive compensation, including Levy's SERP benefits; OPWDD's communications with YAI regarding its obligations under the Medicaid settlements, its financial viability, and executive compensation, including Levy's SERP benefits; the Early Alert issued by OPWDD; the decision to suspend SERP payments to Levy; her service as a member of the Pension Committee, Executive Compensation Committee and a trustee of the SERP, as related to Levy's SERP benefit; insurance policies that are assets of the SERP; and Levy's agreement to the 2008 Amended SERP.

2. **Eliot Green**- Mr. Green will testify, among other things, about the increased cost of the spousal benefit for Judith Lynn; discussions with Joel Levy and/or YAI representatives and agents regarding Levy's SERP benefit, the spousal benefit, and the A&R; that Levy was sophisticated and knowledgeable in executive compensation matters and assertive in matters of his compensation and benefits; the Medicaid settlements with the state and federal governments; communications with the state and federal governments regarding YAI's executive compensation, including Levy's SERP benefits; OPWDD's communications with YAI regarding its obligations under the Medicaid settlements, its financial viability, and executive compensation; the Early Alert issued by OPWDD; the decision to suspend SERP payments to Levy; his service as Chair of the YAI Board of Trustees as related to Levy's SERP benefit and communications with the government; amendments to the SERP; the Mercer report; considerations regarding the SERP's purchase of commercial annuities; and Levy's granting of extensions for the SERP to purchase commercial annuities.

3. **Phil Levy**- Dr. Levy will testify, among other things, about Joel Levy's agreement to the 2008 Amended SERP; the increased cost of the spousal benefit for Judith Lynn; discussions with Joel Levy regarding his SERP benefit, the spousal benefit, and the A&R; considerations regarding the SERP's purchase of commercial annuities; Joel Levy's granting of extensions for the SERP to purchase commercial annuities; YAI's inability to use Medicaid dollars to fund the SERP; that Joel Levy was sophisticated and knowledgeable in executive compensation matters and assertive in matters of his compensation and benefits;

Joel Levy's income/assets at the time the A&R was being negotiated; the availability of a lump sum benefit under the SERP; and insurance policies that are assets of the SERP.

4.   **James Moran**- Mr. Moran will testify, among other things, about OPWDD's communications with YAI regarding its obligations under the Medicaid settlements, YAI's financial viability, and executive compensation; OPWDD's communications to YAI not to pay Levy further SERP benefits beyond what was reasonable; that OPWDD thought Levy's benefits were excessive; that resolution of Levy's benefit was a prerequisite to getting off Early Alert; that OPWDD required YAI to institute additional measures, including governance and executive compensation changes, as prerequisites to getting off Early Alert; and that he believed YAI to be acting in good faith in the steps taken to get off Early Alert.

5.   **Michael Connors**- Mr. Connors will testify, among other things, about the increased cost of the spousal benefit for Judith Lynn; non-privileged communications with Joel Levy and/or YAI representatives and agents regarding Levy's SERP benefit, the spousal benefit, and the A&R; Joel Levy's sophistication in executive compensation matters; the A&R; unavailability of Medicaid dollars to fund the SERP; that commercial annuities would have been an asset of the SERP; insurance policies that are assets of the SERP; the availability of a lump sum benefit under the SERP; and amendments to the SERP and Levy's agreement to them.

6.   **Craig Miller**- Mr. Miller will testify, among other things, about the increased cost of the spousal benefit for Judith Lynn; considerations regarding the SERP's

purchase of commercial annuities; discussions with Joel Levy and/or YAI representatives and agents regarding Levy's SERP benefit, the spousal benefit, and the A&R; changes to the COLA under the SERP; the availability of a lump sum benefit under the SERP; Levy's agreement to the 2008 Amendment; and insurance policies that are assets of the SERP.

7.     **Joel Levy**- Dr. Levy will testify regarding his income/assets in 2009/at the time the A&R was being negotiated; that it was his decision to lower Lynn's benefit instead of his own when given the choice; that he was sophisticated and knowledgeable in executive compensation matters and assertive in matters of his compensation and benefits, including the SERP; that he is a skilled negotiator and felt comfortable negotiating the A&R without counsel; his agreement to the 2008 Amendment; his receipt of SERP benefit payments from July 2009-July 2011; the availability of a lump sum benefit under the SERP; representations he has made to the Court regarding his financial situation; his claim to ownership of four life insurance policies that are SERP assets; and litigation initiated by Kathleen Rut against YAI, Levy, and Dr. Philip Levy.

8.     **John Lowell** – Mr. Lowell will testify about his calculations of Plaintiffs' damages as they relate to the SERP, if the parties are unable to stipulate to damages.

## IX.   PARTIES' DESIGNATION OF DEPOSITION TESTIMONY AND OBJECTIONS

| Deposition of Jeffrey Mordos, dated March 14, 2016 | |
|---|---|
| Plaintiffs' Designations: | The YAI Defendants' Counterdesignations: |

- 68:15-69:13
- 71:14-24
- 74:22-75:19
- 79:23-80:7
- 81:16-82:2
- 91:22-92:16
- 106:9-107:3
- 190:9-191:20
- 241:18-25
- 256:11-23

- 53:21-55:20
- 84:8-86:6
- 89:6-91:21
- 107:4-13
- 169:22-172:21
- 188:9-189:8

The YAI Defendants also make the following objections to Plaintiffs' designations:[6]

- **68:15-69:13**- The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **71:14-24-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **74:22-75:19-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **79:23-80:7-** The YAI Defendants object to the introduction of this testimony on the

---

[6] [6] Plaintiffs were under the impression that the parties should provide their objections to deposition testimony at the same time they provide their objections to the exhibit lists, which the Court and the parties agreed would be this Friday, November 12.  Indeed, it appeared as if the YAI Defendants initially shared the same understanding because they did not provide any objections to Plaintiffs' deposition designations until two hours before this joint pretrial order was due, notwithstanding the fact that Plaintiffs provided the YAI Defendants with their deposition designations on October 27.

grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.

- **81:16-82:2-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion and that it calls for a legal opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **91:22-92:16**
- **106:9-107:3-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion and that it contains a question which the witness did not answer on the grounds of privilege. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **190:9-191:20**
- **241:18-25-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay or wasting time.
- **256:11-23-** The YAI Defendants object to the introduction of this testimony on the grounds that it is not relevant to the issues to be tried following the Court's Opinion. The YAI Defendants further object on the grounds that any probative value is substantially outweighed by a danger of

| | unfair prejudice, confusing the issues, undue delay or wasting time. |
|---|---|
| | |

## X.     LIST OF EXHIBITS

Plaintiffs' exhibit list is annexed hereto as **Appendix B**.  The YAI Defendants' exhibit list is annexed hereto as **Appendix C**.  As per agreement with the Court, the parties will provide their objections to adversary's exhibit list on November 11, 2016.

Plaintiffs note that YAI refused to produce documents called for at the deposition of James Moran, held on November 3, first asking for the request to be reduced to writing and then contending that fact discovery has now closed.  As highlighted in Plaintiffs' Motion *in Limine* to Preclude the YAI Defendants from Offering at Trial the Testimony of James Moran or Any Defense Premised Upon Compliance With an OPWDD Order and For the Payment of Attorneys'

Fees and Costs (dkt. 532), the YAI Defendants advised of their intention to call Mr. Moran as a

trial witness *after* the close of fact discovery.

## XI.    STATEMENT OF DAMAGES CLAIMED AND OTHER RELIEF SOUGHT

**Damages and Relief**

### *Counts III and IV*

In Counts III and IV, Plaintiffs Levy and Lynn, respectively, seek to enforce and clarify
their rights under the SERP pursuant ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).
Plaintiffs' damages calculations are premised upon three scenarios.[7]  Depending upon which
document the Court determines governs the calculation of Plaintiffs SERP, one of these
scenarios will apply:

Scenario 3 – Based on a finding that (1) YAI materially breached the Acknowledgement
& Release (A&R), and (2) YAI violated Section 7.1 of the Original SERP, the terms of the
Employment Agreement, and Section 10.3.5 of the Amended SERP by including an additional
offset plan and changing the cost-of-living index in the Amended SERP.

Based on the Court's Opinion, the YAI Defendants do not agree that issue (2) is an open
issue to be resolved at trial.  As such, Plaintiffs would not be entitled to relief under scenario 3.

Scenario 4 – Based on a finding that YAI materially breached the A&R, and, therefore,
Plaintiffs' benefits are determined under the Amended SERP pursuant to which Lynn's surviving
spousal benefit is 100% of Levy's benefit at the time of his death.

Scenario 5 – Based on a finding that YAI did not materially breach the A&R and
Plaintiffs' SERP benefits are determined to be based on the A&R, including that Lynn's
surviving spousal benefit is 72.84% of Levy's benefit at the time of his death should Lynn
survive Levy while they are married.

The benefits due under Scenarios 4 and 5 differ only in the context of the spousal benefit.
Hence, no difference exists in the damages calculations for past-due SERP benefits under
Scenarios 4 and 5.

Under each scenario, Plaintiffs seek a lump-sum award against the YAI Defendants that
includes the present value of their past-due SERP benefits and all future SERP benefits.  On
November 2, 2016, the YAI Defendants filed a motion *in limine* (Dkt. 541) advancing the
position that a lump-sum award is not available to the Plaintiffs.  The Plaintiffs will file their
memorandum in opposition on November 9, 2016.  In the event this Court does not grant the

---

[7] These three scenarios are derived from a five-scenario analysis the Plaintiffs initially put forth in discovery.
Scenarios 1 and 2 have been rendered moot by the Court's recent decision and order dated October 18, 2016 ("PSJ
Op. II") (dkt. 527).

YAI Defendants' motion prior to trial, Plaintiffs are prepared to call their damages expert to testify at trial to the lump-sum calculations set forth in Section I, *infra*.  Accordingly, this would require the addition of one witness to the list discussed with the Court on November 7, 2016 if the YAI Defendants are unwilling to accept the lump-sum calculations herein.  Plaintiffs' expert is available to testify on November 18, 2016 or at a later date such as November 21 and 22, 2016.  The YAI Defendants continue to oppose an extension of the trial schedule beyond November 18.

Plaintiffs note that the lump-sum calculations set forth herein are premised upon calculations generated earlier in this litigation, before the parties settled their differences on November 9, 2016 as to the monthly annuity benefit to be used to calculate the damages set forth in Section II.  Plaintiffs offered to generate new lump-sum calculations premised upon the agreed-upon monthly benefits set forth in Section II.  As Plaintiffs explained, the purpose of these revised calculations would be to limit any dispute over the value of the lump-sum to the methodology Plaintiffs' expert utilizes to calculate that value.  If this alternative were accepted, Plaintiffs' expert, presently out of state and unavailable, would need sufficient time to prepare those calculations, and his date to appear as a witness would have to be postponed until a mutually-agreeable date.  The YAI Defendants declined the offer.  Plaintiffs intend to rely on the lump-sum calculations set forth in Section I, despite the fact that they are premised upon a monthly benefit that differs from the parties' monthly benefit determination in Section I, which is the product of a compromise.

As an alternative to the lump-sum award for all future SERP benefits, Plaintiffs seek a lump-sum award for all past-due SERP benefits plus recommencement of SERP payments on a monthly basis for their respective lifetimes.  As set forth in Section II, *infra.*, with respect to Plaintiffs' alternative plea for an annuitized benefit, the parties agree on the monthly benefit due to Plaintiffs, though they disagree over the interest rate that should be applied to past-due benefits.  The YAI Defendants contend that the federal prime rate[8] should apply whereas the Plaintiffs contend that either New York's statutory rate of 9% should apply or, alternatively, that a rate of 5% compounded should apply, as referenced in the Original SERP, Section 10.2.5.  The parties intend to submit post-trial memoranda concerning the proper interest rate to be applied to all past-due benefits.  Nonetheless, with respect to an annuitized benefit, the parties agree on the calculation associated with each proposed interest rate.  Those calculations are set forth in Section II, *infra*.

## I.   Lump-Sum Award

### A.   Lump-Sum (as of November 15, 2016)

Plaintiffs submit that their unpaid SERP benefits, when reduced to a lump sum and extrinsic of accrued interest, are as follows:

---

[8] The federal prime rate changed this year from 3.25% to 3.5%.  When calculating interest pursuant to the federal prime rate for an annuitized benefit, the parties have agreed upon a methodology that takes into account the period in which the rate was 3.25% and the period in which it has been 3.5%.  Plaintiffs have relied upon this same "tiered" interest approach when calculating interest on a lump-sum award in an effort to minimize the scope of dispute in the event this Court were to grant a lump-sum award.

| | |
|---|---|
| Scenario 3 | $10,641,479 |
| Scenario 4 | $10,641,479 |
| Scenario 5 | $9,718,136 |

### B.    Interest on Past-due Benefits

Plaintiffs submit that the interest accrued as of November 16, 2016 on past-due SERP benefits is as follows, while Defendants dispute that any interest should be awarded in connection with a lump sum:

| | 9% | 5% Compounded | Federal Prime |
|---|---|---|---|
| Scenario 3 | $679,708 | $402,694 | $251,497 |
| Scenario 4 | $678,329 | $401,861 | $250,993 |
| Scenario 5 | $678,329 | $401,861 | $250,993 |

### C.    Future Interest on Past-due Benefits

In recognition of the fact Plaintiffs will not receive payment of SERP benefits by November 15, 2016, Plaintiffs submit that interest will accrue on unpaid benefits each day after November 15, 2016 as follows, while Defendants dispute that any interest should be awarded in connection with a lump sum:

| | 9% | 5% Compounded[9] | Federal Prime |
|---|---|---|---|
| Scenario 3 | $11.22 | $6.23 | $4.36 |
| Scenario 4 | $11.29 | $6.27 | $4.39 |
| Scenario 5 | $11.29 | $6.27 | $4.39 |

## II.    Annuitized Benefit

### A.    Monthly Benefits

Plaintiffs and the YAI Defendants agree that the monthly benefit due to Plaintiffs from July 1, 2016 through June 30, 2017 is as follows[10]:

| | |
|---|---|
| Scenario 3 | $44,877.38 |
| Scenario 4 | $45,065.44 |
| Scenario 5 | $45,065.44 |

### B.    Past-due Benefits

---

[9] This interest calculation will need to be adjusted to reflect compounded interest in each successive year and cost-of-living adjustments.

[10] The parties recognize that a cost-of-living adjustment will need to be made to this benefit as of July 1, 2017 and at certain times thereafter.

Plaintiffs and the YAI Defendants agree that the amount of past-due benefits as of November 15, 2016, exclusive of interest, is as follows:

| Scenario 3 | $2,816,759 |
| Scenario 4 | $2,814,794 |
| Scenario 5 | $2,814,794 |

## 1. Interest on Past-due Benefits

Plaintiffs and the YAI Defendants agree that interest on past-due benefits as of November 15, 2015 is as follows:

|  | 9% | 5% Compounded | Federal Prime |
|---|---|---|---|
| Scenario 3 | $679,708 | $402,694 | $251,497 |
| Scenario 4 | $678,329 | $401,861 | $250,993 |
| Scenario 5 | $678,329 | $401,861 | $250,993 |

## 2. Future Interest on Past-due Benefits

Plaintiffs and the YAI Defendants agree that additional interest will accrue on unpaid benefits each day after November 15, 2016 as follows[11]:

|  | 9% | 5% Compounded | Federal Prime |
|---|---|---|---|
| Scenario 3 | $11.22 | $6.23 | $4.36 |
| Scenario 4 | $11.29 | $6.27 | $4.39 |
| Scenario 5 | $11.29 | $6.27 | $4.39 |

### *Count V*

In Count V, Plaintiffs Joel M. Levy and Judith W. Lynn seek an equitable accounting of the SERP's assets pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a claim premised upon Plaintiffs' allegations that (a) the SERP required all assets of the trust be held for the "exclusive benefit" of plan participants and beneficiaries and (b) YAI had breached this provision when it misappropriated the SERP's assets to pay a nonparty creditor during a period when there was no acting trustee.  As such, Plaintiffs seek equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) in the form of an accounting requiring the production of detailed records and accounts of all transactions involving the SERP.

Plaintiffs also seek an order requiring that YAI return the assets that it had misappropriated back to the SERP trust.  The YAI Defendants assert that Plaintiffs have waived this right to relief having failed to allege it in their Complaint.  Further, the Court previously

---

[11] The parties recognize that a cost-of-living adjustment will need to be made to this benefit as of July 1, 2017 and at certain times thereafter.

denied Plaintiffs' request for a TRO and preliminary injunction that would prevent the disbursement of trust assets.

### *Count VII*

In Count VII, Plaintiff Joel M. Levy seeks to enforce and clarify his rights under the Life Insurance Plan and Trust for Certain Management Employees of YAI (the "LIPT") pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  The terms of the LIPT provide a death benefit to Levy in the amount of $3,172,762, payable to his named beneficiary or beneficiaries. Levy seeks to enforce the terms of the LIPT and obtain declaratory relief that the YAI Defendants may <u>not</u> offset any benefits due to Levy or his designated beneficiary or beneficiaries under the LIPT with benefits due to Levy under the SERP and that Levy, alone, may designate a beneficiary or beneficiaries for the death benefit payable under the LIPT.

### Additional Remedies

Both parties intend to submit post-trial applications seeking an award of attorneys' fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

Plaintiffs further request that in the event this Court does not grant a lump-sum award, this Court require the parties to confer one month before any cost-of-living adjustment is due to calculate the new monthly benefit and interest affected thereby.  Plaintiffs further request that this Court require the parties to raise any future disputes arising from cost-of-living adjustments, interest calculations, or benefit calculations with this Court.  Plaintiffs also request such additional relief as this Court may deem to be just and proper to ensure the YAI Defendants' compliance with this Court's judgment, including but not limited to, an order requiring YAI to (i) fund the SERP to such degree as is necessary to pay Plaintiffs' benefits, or (ii) purchase an annuity or use an alternative financial arrangement to secure Plaintiffs' benefits.  The YAI Defendants oppose each of these requests because, among other reasons, the relief sought is not permitted under ERISA.

The YAI Defendants contend they are entitled to a ruling that the following policies are assets of the SERP, not property of Joel Levy:

- Guardian policy number ending in 4954
- Lincoln policy number ending in 1967
- MetLife policy number ending in 0590 PR
- American General policy number ending in 9310

In the alternative, YAI contends it is entitled to offset against any amounts owed to Plaintiffs based on the value of insurance policies.

Plaintiffs contend that YAI Defendants' position concerning the above-referenced insurance policies is baseless and outside the scope of this litigation and respectfully refer this Court to Memorandum of Law in Support of Plaintiffs' Motion *In Limine* to Preclude the YAI Defendants from Introducing Argument or Evidence that Levy's Life Insurance Policies are the Property of the SERP, filed on November 2, 2016 (Dkt. 539).

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOEL M. LEVY and JUDITH W. LYNN,

                              Plaintiffs,

        v.

YOUNG ADULT INSTITUTE, INC., et al.,

                              Defendants.

13-CV-02861(JPO)(SN)

ECF Case

**STIPULATION OF FACTS**
**AND LAW**

## STIPULATION OF FACTS

1.      YAI is comprised of a network of five separately incorporated not-for-profit health and human services agencies that provide services to people with developmental disabilities throughout the greater New York metropolitan area, New Jersey, Puerto Rico, and the U.S. Virgin Islands.

2.      Joel M. Levy ("Levy") worked at YAI from 1970 through June 30, 2009.  He held the title of YAI's Executive Director from 1970 through 1979 and was promoted to YAI's Chief Executive Officer ("CEO") in 1979 and held this position until his retirement on June 30, 2009.

3.      On September 23, 2008, Levy and YAI entered into an employment agreement ("Employment Agreement"), which, among other things, governed the terms of Levy's employment from July 1, 2008 through June 30, 2009.

4.      At all relevant times, a Board of Trustees ("Board") has been the governing body of YAI.

5.      At all relevant times, the Board determined YAI's executives' compensation.

6.      Levy was never a member of the Board.

7. Marcella Fava ("Fava") was appointed as trustee to the SERP on July 1, 1985. She served in this capacity until July 26, 2011 when she resigned.

8. Fava was a member of the Board from 1982 to December 31, 2011.

9. Fava was Chairwoman of the Board from 1986 to June 2009.

10. Paul Levitz ("Levitz") was appointed a trustee to the SERP on June 13, 1994. He served in this capacity until July 26, 2011 when he resigned.

11. Levitz was a member of the Board from around 1990/1991 to September 19, 2011.

12. IDB Bank was appointed as trustee of the SERP on August 6, 2013.

13. YAI did not appoint a successor trustee between July 26, 2011 and August 6, 2013; during such period YAI controlled the assets of the SERP.

14. From 2009 through the present, YAI has not declared insolvency.

15. On July 1, 1985, the Board established the "Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute" (the "Original SERP").

16. The Employment Agreement provided for a cap on Levy's SERP of $625,813.

17. The Employment Agreement required YAI to purchase "a commercial annuity mimicking the SERP's distribution features to the extent commercially available" no later than June 30, 2010.

18. A document entitled "Amendment to the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute," dated December 18, 2008, (the "Amended SERP") memorialized a $625,813 cap on Levy's benefit under Section 10.2.1.

19. Levy retired from YAI on June 30, 2009, and went into pay status according to the terms of the SERP at that time.

20.     Plaintiffs and YAI entered into the Acknowledgment and Release ("A&R") on December 30, 2009.

21.     The A&R stated "that the method for calculating the Participant's accrued benefit as set forth on column (d) of Exhibit I attached hereto is true and correct and is reflective of the terms and intent of the [SERP] . . . ."

22.      "Exhibit I" to the A&R sets forth the methodology utilized to calculate Levy's and Lynn's benefits under the SERP.

23.     The A&R stated that the spousal benefit, should Lynn remain married to Levy and not predecease him, would be reduced from 100% of Levy's SERP benefit to 72.84%, which amounted to a reduction of $923,343.22 in the actuarial value of the spousal benefit.

24.     The A&R provided  that "YAI's obligation to purchase a commercial annuity or annuities under the Supplemental Plan pursuant to Section 4(e) of the Participant's Employment Agreement ("Employment Agreement") with YAI shall not be affected by this Acknowledgement…."

25.     The A&R also stated that "the participant's right to future increases in the Supplemental Plan benefit exclusively attributable to the Supplemental Plan's cost of living adjustment features shall not be affected by this Acknowledgement…."

26.     YAI did not purchase a commercial annuity for Levy's benefit by June 30, 2010, nor has it purchased such annuity at any time thereafter.

27.     In January 2010, after Plaintiffs executed the A&R, Levy received his first payment of SERP benefits.  The January 2010 payments included his SERP benefits based on the $625,813 cap for the July 1, 2009 through December 31, 2009 period.  The January 2010 payment did not include interest.

28.     YAI continued to remit payment of benefits based on an annual benefit (prior to offsets) of $625,813 from January 1, 2010 through July 15, 2011 and has not remitted SERP benefit payments to Levy since that time.

29.     As of January 31, 2016, the SERP assets in the possession, custody, and control of Israel Discount Bank were comprised of $3,101,286.41 in cash and cash equivalents and insurance policies on the life of Phil Levy,  with an aggregate face value of $5,034,769.

30.     Levy received payments under the SERP in the amount of $973,267.92 for benefits payable for July 1, 2009-July 15, 2011.

31.     On January 18, 2011, YAI entered into settlements with the United States Attorney's Office for the Southern District of New York ("USAO") and the New York State Attorney General's Office ("NYAG") relating to allegations of violations of the False Claims Act ("Medicaid Settlement").

32.     The Medicaid Settlement required YAI to pay New York State and the federal government $18 million over five years.

33.     Before entering into the Medicaid Settlement, YAI had completed the United States Department of Justice's ("DOJ") Financial Statement of Corporation questionnaire ("Ability to Pay Presentation"), responding to whether YAI had the ability to pay a settlement obligation.

34.     In connection with its "ability to pay" analysis, in an October 22, 2010 letter ("October 22 Letter"), the DOJ sought information from YAI regarding insurance policies YAI identified in the Ability to Pay Presentation. (YAI-LEVY00012964-965)

35.     In response to the October 22 Letter, by letter dated October 28, 2010 ("October 28 Letter"), YAI indicated that "[t]he 'Supplemental Plan' life insurance contracts are intended

4

to aid in the funding of YAI's Supplemental Pension Plan for Certain Management Employees of

YAI ...." [YAI-LEVY00017465].

36.     The October 28 Letter also advised that:

[W]ith regard to your request under Paragraph 11(c) asking whether YAI can borrow
against the cash surrender value of any of its policies, we note that the policies used to
fund the SERP benefits commitments and the Life Insurance Plan are held in grantor, or
"rabbi" trusts.  Accordingly, under the applicable section of the Internal Revenue Code as
well as Revenue Procedure 92-64, the assets of these plans are not available to YAI,
unless a determination of insolvency has been made.  YAI is not permitted to borrow
against either policy.

(YAI-LEVY00017466.)

37.     In August 2011, YAI retained Morgan Lewis & Bockius LLP ("Morgan Lewis")

to provide advice regarding its legal obligations under the SERP.

38.     In November 2011, Morgan Lewis retained Mercer LLP ("Mercer"), a

compensation consultant, to analyze Levy's compensation and post-employment retirement and

life insurance benefits to determine whether they were reasonable.

39.     On February 15, 2013, Mercer issued a final version of a report concluding that

Levy's post-employment retirement and life insurance benefits are excessive.

40.     Beginning in 2012, YAI advised Levy of its contention that his compensation and

benefits were excessive based on Mercer's findings.

41.     In 2012, YAI entered into settlement agreements with the other SERP participants

and settled the amounts due to them under the SERP.

42.     As part of those settlement agreements, YAI remitted lump-sum payments to each

of those SERP participants based upon agreements reached with each of them.

43.     YAI has the financial ability to satisfy a judgment in this case.

44.     On December 31, 2003, the Board adopted the "Life Insurance Plan for Certain Management Employees of YAI" ("LIPT") and "Trust Under the Life Insurance Plan and Trust for Certain Management Employees of YAI."

45.     The LIPT provides a death benefit to Levy's survivors.

46.     Section 12 of the LIPT provides that "no amendment shall conflict with the terms of the Plan or make the Trust revocable" and that the plan "shall not terminate until the date on which Plan participants and beneficiaries are no longer entitled to benefits pursuant to the plan."

47.     The LIPT is not an amendment to the SERP.

48.     The SERP does not treat benefits under the LIPT as an offset to the SERP.

49.     The SERP does not reference the LIPT.

50.     The LIPT does not reference the SERP.

## STIPULATION OF LAW

1.     YAI is a not-for-profit corporation exempt from taxation pursuant to IRC § 501(c)(3) and is a public charity which files a Form 990 annually with the IRS based on a fiscal year which ends on June 30 of each year.

2.     As a New York not-for-profit corporation, YAI is subject to oversight and regulation from the Charities Bureau of the New York State Attorney General.

3.     The New York State Office for People with Developmental Disabilities ("OPWDD") is a state agency that is responsible for providing services to individuals in New York with developmental disabilities directly or through a network of not-for-profit service providers like YAI.

4.     YAI receives Medicaid reimbursement for the services that it provides to the developmentally disabled.

5.     YAI is subject to the oversight, rules and regulations of the OPWDD.

6

6.      The SERP is a "top-hat" pension plan "maintained by an employer for a select group of management or highly compensated employees."  29 C.F.R. § 2520.104-23(a)(1).

7.      As a top-hat plan, the SERP is "exempt from many provisions of ERISA, including the participation and vesting, funding, and fiduciary responsibility requirements … but like qualified plans, [it is] subject to disclosure requirements, to civil enforcement, and to the duty to have a claims procedure."

8.      As a top-hat plan, the SERP is a contract enforced under ERISA's civil enforcement scheme and interpreted in accordance with the federal common law of contracts.

9.      As defined under ERISA § 3(3), 29 U.S.C. §1002(3), the SERP is an "employee benefit plan."

10.     As defined under ERISA § 3(7), 29 U.S.C. § 1002(7), Levy is a "participant" of the SERP.

11.     As defined under ERISA § 3(8), 29 U.S.C. § 1002(8), Lynn is a "beneficiary" of the SERP.

12.     As defined under ERISA § 3(16), 29 U.S.C. § 1002(16), YAI's Board is the plan administrator of the SERP.

13.     Pursuant to Section 10.2.1 of the Original SERP, Levy was 100% vested in his SERP benefits as they accrued over time.

14.     The LIPT is a "top-hat" plan "maintained by an employer for a select group of management or highly compensated employees."  29 C.F.R. § 2520.104-23(a)(1).

15.     As a top-hat plan, the LIPT is "exempt from many provisions of ERISA, including the participation and vesting, funding, and fiduciary responsibility requirements … but

like qualified plans, [it is] subject to disclosure requirements, to civil enforcement, and to the duty to have a claims procedure."

16.     As defined under ERISA § 3(3), 29 U.S.C. §1002(3), the LIPT is an "employee benefit plan."

17.     As defined under ERISA § 3(7), 29 U.S.C. § 1002(7), Levy is a "participant" of the LIPT.

18.     As defined under ERISA § 3(8), 29 U.S.C. § 1002(8), and pursuant to Section 4 of Appendix A of the LIPT, the person(s) designated by Levy to receive proceeds from the LIPT are each a "beneficiary" of the LIPT.

19.     Pursuant to Section 9 of Appendix A of the LIPT, Levy was 100% vested as of December 31, 2003, the date the LIPT became effective.


**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

Respectfully,                                    Respectfully,


/s/ Michael C. Rakower                           /s/ Michael J. Prame
**RAKOWER LAW PLLC**                             **GROOM LAW GROUP, CHARTERED**
  Michael C. Rakower                      Michael J. Prame
  Melissa Yang                            Edward J. Meehan
488 Madison Avenue, 18th Fl.                       Katherine B. Kohn
New York, NY 10022                               1701 Pennsylvania Avenue, N.W.,
Telephone: (212) 660-5500                        Suite 1200
Facsimile:  (212) 660-5551                       Washington, D.C. 20005
mrakower@rakowerlaw.com                          Telephone:  (202) 857-0620
myang@rakowerlaw.com                             Facsimile:  (202) 659-4503

*Attorneys for Plaintiffs Joel M. Levy and*      *Attorneys for Defendants Young Adult*
*Judith W. Lynn*                                 *Institute, Inc., Board of Trustees of Young*
                                                 *Adult Institute, Pension Retirement*
                                                 *Committee of The Board of Trustees of Young*
                                                 *Adult Institute, Supplemental Pension*
                                                 *Plan and Trust for Certain Management*
                                                 *Employees of Young Adult Institute, and*
                                                 *Life Insurance Plan and Trust for Certain*
                                                 *Management Employees of Young Adult*
                                                 *Institute*

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

## APPENDIX B

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 1 | 7/1/1985 | Original SERP (YAI-LEVY00406376-410) | MF 1 | |
| 2 | 12/31/2003 | Life Insurance Plan and Trust (YAI-LEVY00015497-512) | | |
| 3 | 6/2/2005 | Minutes of the ECC Meeting (YAI-LEVY00013020-21) | CM 22 | |
| 4 | 6/14/2005 | Minutes of Board Meeting (YAI-LEVY00027407-18) | | |
| 5 | 1/18/2006 | ECC Meeting Minutes and Notes (YAI_LEVY00438153-58) | CM 29 | |
| 6 | 3/9/2006 | Minutes of the Retirement Committee of the Board of Directors (YAI-LEVY00028665-68) | | |
| 7 | 6/21/2006 | Minutes of Board Meeting (YAI-LEVY00035209-25) | MF 3 | |
| 8 | 4/5/2007 | J Levy and J Lynn Marriage Record (LEVY-LYNN009329) | | |
| 9 | 5/13/2007 | New York Times Levy-Lynn Wedding Announcement | | |
| 10 | 5/15/2007 | Email from P Levy to M Connors (YAI-LEVY00363904) Enclosing SERP Decision Chart (YAI-LEVY00363906) | | |
| 11 | 8/6/2007 | Email Between M. Connors and P. Levy (YAI-LEVY00033346-48) | | |
| 12 | 9/27/2007 | Minutes of Board Meeting (YAI-LEVY00027499-510) | JM 8 | |

---

[1] We identified exhibits admitted at the deposition of Jeffrey Mordos with a "JM" prefix and exhibits admitted at the deposition of James Moran with a "J Moran" prefix.

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 13 | 3/25/2008 | Email from K Wegmann to A Johnson (YAI-LEVY00387155) and Fringe Allotment Attachment (YAI-LEVY00387156-59) | | |
| 14 | 9/12/2008 | Email from D Samuels to M Block, C Dombeck, M Fava, P Koren, M Connors, and E Stevens re J Levy (YAI-LEVY00032170-71) | J. Levy 3 | |
| 15 | 9/15/2008 | Email from M Connors to D Samuels (YAI-LEVY00032516-17) | | |
| 16 | 9/17/2008 | Email from Connors to YAI Board members (YAI-LEVY00032758-60) | MC 10 | |
| 17 | 9/23/2008 | J Levy Employment Agreement (YAI-LEVY00000447-55) | MF 4 | |
| 18 | 12/18/2008 | Amended SERP (LEVY-LYNN009092-105) | MF 5 | |
| 19 | 5/26/2009 | Email from C Miller to P Levy (MILLER002393-405) | | |
| 20 | 6/30/2009 | YAI SERP Report on Audit of Financial Statements (YAI-LEVY00010837-47) | MF 6 | |
| 21 | 7/22/2009 | Email from M Connors to J Levy and P Levy (YAI-LEVY00020658-63) | CM 9 | |
| 22 | 8/25/2009 | Email from M Connors to P Levy (YAI-LEVY00411561-66) | | |
| 23 | 11/18/2009 | Email from E Green to M Connors (YAI-LEVY00412922-24) | EG 4 | |
| 24 | 11/24/2009 | ECC Meeting Minutes (YAI-LEVY00004656-61) | MC 2 | |
| 25 | 11/24/2009 | UNREDACTED YAI ECC Meeting Transcript (YAI_LEVY00433416) and errata | EG 3 and MC 4 | |
| 26 | 11/24/2009 | Audio Recording of YAI ECC Meeting Transcript (YAI_LEVY00433520) | | |
| 27 | 12/11/2009 | Letter from M Connors to J Levy (YAI_LEVY00438000-01) | MC 5 | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 28 | 12/30/2009 | Acknowledgement and Release (YAI-LEVY00416925-28) | MF 7 | |
| 29 | 6/18/2010 | UNREDACTED Transcript of Conversation Between E Green and P Koren (YAI_LEVY00436211) (EG 13) and Errata (No Changes) | EG 13 | |
| 30 | 6/18/2010 | Audio Recording of Transcript of Conversation Between E Green and P Koren (YAI_LEVY00437859) | | |
| 31 | 6/30/2010 | Report on Audit of Financial Statements (YAI-LEVY00013367-77) | MF 10 | |
| 32 | 9/13/2010 | Email from K Wegmann to M Fava re Pension Committee Reports (YAI-LEVY00012023) with attachment (YAI-LEVY00012047) | CM 30 | |
| 33 | 9/15/2010 | Pension Committee Meeting Report (YAI-LEVY000004457-60 | | |
| 34 | 9/29/2010 | Minutes of Board Meeting (YAI-LEVY00004526-37) | | |
| 35 | 9/30/2010 | UNREDACTED Transcript of Board Meeting (YAI_LEVY00434395) and Errata | MF 12 | |
| 36 | 9/30/2010 | Audio Recording of Transcript of Board Meeting (YAI_LEVY00437865) | | |
| 37 | 10/28/2010 | Letter from S. Warnke to J. Barnea (YAI-LEVY00017464-69) | | |
| 38 | 3/21/2011 | Meeting Notes (YAI-LEVY00030862-63) | EG 8 | |
| 39 | 3/28/2011 | Pension Committee Meeting Minutes (YAI-LEVY00014465) | MF 14 | |
| 40 | 4/7/2011 | Email from E Green to D Samuels and M Connors (YAI-LEVY00414055-58) | EG 5 | |
| 41 | 6/16/2011 | Email from M Connors to E Green (YAI-LEVY00033211-13) | | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 42 | 7/27/2011 | REDACTED Transcript of (1) Meeting Among E Green, M Connors, M Fava, and A&P and (2) Pension Retirement Committee Meeting (YAI_LEVY00433759) (MF 16) and Errata (MC 8) | See description | |
| 43 | 7/27/2011 | Audio Recording of Transcript of (1) Meeting Among E Green, M Connors, M Fava, and A&P and (2) Pension Retirement Committee Meeting (YAI_LEVY00433759) (MF 16) and Errata (MC 8)<br><br>[AT-00018-17; AT-00065-09; AT-00068-06; AT-00068-18; AT-00071-24; AT-00072-18; AT-00072-22; AT-00073-06; AT-00074-13; AT-00076-23] | See description | |
| 44 | 8/9/2011 | REDACTED YAI Board Meeting Transcript (YAI_LEVY00433521) (EG 19) and Errata | See description | |
| 45 | 8/9/2011 | Audio Recording of Transcript of YAI Board Meeting (YAI_LEVY00433521) (EG 19) and Errata<br><br>[AT-00097-01; AT-00116-15; AT-00118-09; AT-00119-07; AT-00171-01; AT-00177-12; AT-00178-02] | See description | |
| 46 | 8/12/2011 | Email from J Levy to E Green, M Fava, and S Kwiat (YAl-LEVY00013651) | J. Levy 1 | |
| 47 | 3/1/2012 | Email from J Moran to E Green re YAI Progress (OPWDD-LEVY0003055-58) | | |
| 48 | 3/21/2012 | Email from E Green to S Freeman re SERP Legal Fees (YAI-LEVY00020577) | MF 8 | |
| 49 | 3/23/2012 | Email from M Fava to E Green re Legal Fees for SERP Negotiations (YAI-LEVY00020580) | MF 9 | |
| 50 | 8/1/2012 | Settlement Agreement and General Release between YAI and S Freeman (YAI-LEVY00025669-77) | | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 51 | 8/31/2012 | Settlement Agreement and General Release between YAI and P Levy (YAI-LEVY00017905-18) | | |
| 52 | 9/11/2012 | Email from E Green to J Moran re Status Report (YAI-LEVY00014453) | EG 14 | |
| 53 | 10/19/2012 | Settlement Agreement and General Release between YAI and T Dern (YAI-LEVY00017919-29) | | |
| 54 | 10/19/2012 | Purported SERP Amendment (YAI-LEVY00019580) | EG 10 | |
| 55 | 11/7/2012 | Settlement Agreement and General Release between YAI and K Rut (YAI-LEVY00017894-904) | | |
| 56 | 11/15/2012 | Letter from E Green to J Moran of OPWDD (YAI-LEVY00013579-625) | EG 9 | |
| 57 | 11/20/2012 | Email from S Freeman to J Moran (YAI-LEVY00416865-66) | | |
| 58 | 11/21/2012 | Letter from M O'Connor-Hebert (OPWDD) to S Freeman and E Green (YAI-LEVY00399719-20) | | |
| 58-1 | 6/30/2013 | Financial Statement (YAI-LEVY00010884-903) | | |
| 59 | 8/6/2013 | Letter from E Green to IDB Bank (YAI-LEVY00019355-63) | | |
| 60 | 10/7/2013 | Letter from E Green to IDB Bank (YAI-LEVY00012973) | | |
| 61 | 12/19/2013 | Transcript of Court Hearing | | |
| 62 | 2/15/2013 | Mercer Report (YAI-LEVY00418647-85) | | |
| 62-1 | 4/14/2014 | Defendants' Objections and Responses to Plaintiffs' Amended First Requests for Admission | | |
| 63 | 4/22/2014 | Letter from M Poisson (IRS) to C Roady (YAI-LEVY00027495-97) | | |
| 64 | 7/31/2014 | 2012 SERP Amendment with Certification by Lewis Lindenberg | EG 15 | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 65 | 8/6/2014 | Defendants' Responses and Objections to Plaintiffs' Second Request for Admissions w Certificate of Service of Y Chow | | |
| 66 | 8/29/2014 | Letter from M Poisson (IRS) to G Needles (YAI-LEVY00027515-19) | | |
| 67 | 11/21/2014 | Report and Recommendation by Judge Netburn (dkt. 164) | | |
| 68 | 1/13/2015 | Opinion and Order on Report and Recommendation by Judge Oetken (dkt. 177) | | |
| 69 | 10/9/2015 | Report and Recommendation by Judge Netburn (dkt. 282) | | |
| 70 | 12/2/2015 | Opinion and Order on Report and Recommendation by Judge Oetken (dkt. 313) | | |
| 71 | 12/14/2015 | Letter from M. Rakower to M. Prame re Demand for Payment of Benefits Under the SERP | | |
| 72 | 1/31/2016 | IDB Bank SERP Account Statement (YAI_LEVY00437959-64) | | |
| 73 | 2/29/2016 | 2-29-16 IDB Bank SERP Account Statement (YAI_LEVY00438802-07) | | |
| 74 | 3/14/2016 | 3-14-16 Handwritten Notes of J Mordos (YAI_LEVY00437985-87) | | |
| 75 | 5/31/2016 | Wells Fargo Statement (YAI_LEVY00438767-82) | | |
| 76 | 10/13/2016 | Letter from M. Prame to M. Rakower re Wells Fargo | | |
| 77 | 10/18/2016 | Opinion and Order by Judge Oetken (dkt. 527) | | |
| 78 | 10/21/2016 | Letter from M. Rakower to M. Prame re: Demand for Payment of Benefits under the SERP | | |
| 79 | 10/26/2016 | Letter from M. Prame to M. Rakower re: Demand for Payment of Benefits under the SERP | | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 80 | N/A | Original SERP and 13 Amendments to the SERP According to YAI | Lowell 2 | |
| **DOCUMENTS THAT MAY BE UNECESSARY BASED ON MOTION IN LIMINE** | | | | |
| 81 | May 1999 | Ernst and Young Report (YAI-LEVY00004920-61) | | |
| 82 | 9/30/1999 | Kalkines Opinion Letter (LEVY-LYNN000956-65) | | |
| 83 | 12/15/1999 | Kalkines Opinion Letter (YAI-LEVY00028557-62) | EG 29 | |
| 84 | 5/15/2000 | Kalkines Opinion Letter (LEVY-LYNN001333-34) | | |
| 85 | 5/22/2001 | Kalkines Opinion Letter (LEVY-LYNN001466-67) | | |
| 86 | 5/30/2002 | Kalkines Opinion Letter (LEVY-LYNN001607-16) | | |
| 87 | June 2002 | Ernst and Young Report (YAI-LEVY00035867-909) | | |
| 88 | 7/11/2002 | Kalkines Opinion Letter to J Levy (LEVY-LYNN001620-21) | J. Levy 6 | |
| 89 | 12/30/2002 | Kalkines Opinion Letter (YAI-LEVY00034525-32) | | |
| 90 | 4/7/2005 | Note from M Fava (YAI-LEVY00034398-99) and Opinion Letter from D Samuels (Perlman & Perlman) (YAI-LEVY00034010-14) | | |
| 91 | 6/14/2005 | Letter from D Samuels (Perlman & Perlman) to M Fava (YAI-LEVY00032181-82) | | |
| 92 | January 2006 | CRI Report (YAI-LEVY00032634-662) | NB 11 | |
| 93 | 6/14/2006 | Opinion Letter from D Samuels (Perlman & Perlman) (YAI-LEVY00032391-411) | NB 5 | |
| 94 | 10/30/2008 | CRI Report (YAI-LEVY00004992-5011) | Miterko 6 | |
| 95 | 12/3/2010 | PRM Opinion Letter to E Green (YAI-LEVY00391103-10) | | |
| **DOCUMENTS THAT MAY BE UNECESSARY IF PARTIES REACH AGREEMENT ON DAMAGES** | | | | |
| 96 | 2010 | 2010 J Levy Earnings Statement (YAI_LEVY00438371-94) | Lowell 8 | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 97 | 2011 | 2011 J Levy Earnings Statement (YAI_LEVY00438395-408) | Lowell 9 | |
| **DOCUMENTS THAT MAY BE UNNECESSARY IF COURT GRANTS MOTION IN LIMINE TO EXCLUDE MORAN AND OPWDD** | | | | |
| 98 | 10/8/2010 | Letter from S Warnke to R Martin (YAI-LEVY00012247-62) | J Moran 16 | |
| 99 | 10/28/10 | Letter from S Warnke to J Barnea (YAI-LEVY00017464-511) | J Moran 17 | |
| 100 | 8/5/11 | Letter from J Moran to S Freeman and E Green re Early Alert (YAI-LEVY00011192-93) | J Moran 2 | |
| 101 | 8/25/2011 | Letter from J Moran to E Green (YAI-LEVY00013381-85) | J Moran 4 | |
| 102 | 8/26/2011 | Email from E Green to J Moran (YAI-LEVY00376532-33) | J Moran 3 | |
| 103 | 8/27/2011 | Email from C Burke to M Pellman (OPWDD-LEVY0002642-43) | JM 7; J Moran 5 | |
| 104 | 9/7/2011 | Letter from E Green to J Moran (YAI-LEVY0013386-415) | J Moran 6 | |
| 105 | 11/30/2011 | Email from J Moran to N Benjamin (YAI-LEVY00399567-69) | | |
| 106 | 12/2/2011 | Email from N Benjamin to S Freeman (YAI-LEVY00399567-69) | J Moran 7 | |
| 107 | 12/31/2011 | Email from J Moran to S Freeman (YAI-LEVY00014454-55) | J Moran 8 | |
| 108 | 1/30/2012 | Email from J Moran to E Green (YAI-LEVY00017136-37) | J Moran 9 | |
| 109 | 9/12/2012 | Email from E Green to J Moran (YAI-LEVY00014448-50) | J Moran 10 | |
| 110 | 9/14/2012 | E Green's Notes of Call with J Moran (YAI-LEVY00375445-46) | J Moran 11 | |

**PLAINTIFFS' EXHIBIT LIST AS OF NOVEMBER 9, 2016**

| Plaintiffs' Exhibit # | DATE | DESCRIPTION | DEPOSITION EXHIBIT[1] | OBJECTIONS |
|---|---|---|---|---|
| 111 | 10/22/2012 | Email from S Warnke to J Moran (YAI-LEVY00014341-42) | J Moran 12 | |
| 112 | 11/7/2012 | Email from J Moran to E Green (YAI-LEVY00416716-17) | | |

## APPENDIX C

The following list represents the YAI Defendants' good faith attempt to identify exhibits the YAI Defendants reasonably expect to offer in their case-in-chief.   In addition to the documents listed below, the YAI Defendants reasonably expect to offer at trial any and all pleadings, opinions and/or orders filed in this matter, as well as any exhibits necessary for cross-examination, impeachment, rebuttal, rehabilitation, or to refresh recollection.   The YAI Defendants further reserve the right to introduce exhibits from Plaintiffs' exhibit list. The YAI Defendants further reserve the right to supplement this list.

| Exhibits Re-Numbered | Description | Bates # | Objections |
|---|---|---|---|
| A. | Supplemental Pension Plan and Trust for Certain Management Employees of YAI plan document effective 7/1/1985 | YAI-LEVY00406376-410 | |
| B. | J. Levy Metropolitan Life Insurance Co. life insurance policy, No. 920650590PR dated 6/1/1992 | YAI -LEVY00442379-94 | |
| C. | P. Levy Metropolitan Life Insurance Co., life insurance policy, No. 920650591PR dated 6/1/1992 | YAI-LEVY00412433-50 | |
| D. | J. Levy Lincoln life insurance policy, No. 612001967 dated 6/1/1992 | YAI -LEVY00442353-78 | |
| E. | P. Levy Lincoln life insurance policy, No. 612001968 dated 6/1/1992 | YAI-LEVY00412381-410 | |
| F. | J. Levy Guardian life insurance policy, No. 3704954 dated 6/1/1992 | YAI -LEVY00442335-52 | |

| | | | |
|---|---|---|---|
| G. | P. Levy Guardian life insurance policy, No. 3704998 dated 6/1/1992 | YAI-LEVY00412411-32 | |
| H. | J. Levy American General life insurance policy No. 5005189310, dated 6/1/1992 | YAI -LEVY00442321-34 | |
| I. | P. Levy American General life insurance policy No. 518932, dated 6/1/1992 | YAI-LEVY00412367-80 | |
| J. | YAI Internal Audit Workpapers, prepared for J. Levy | LEVY-LYNN004026-117 | |
| K. | Life Insurance Plan for Certain Management Employees of YAI effective 12/31/2003 | YAI-LEVY00015497-512 | |
| L. | Amendment No. 1 to the LIPT effective as of 12/31/2003 | YAI-LEVY00003086 | |
| M. | Towers Perrin report entitled "SERP Competitive Review" dated 11/11/2004[1] | YAI-LEVY00034720-29 | |
| N. | Towers Perrin report entitled "Possible Retirement Plan Changes" dated 2/10/2005[2] | YAI-LEVY00034035-39 | |
| O. | YAI Executive Compensation Committee Meeting Minutes dated 06/02/2005 | YAI-LEVY00013020-21 | |
| P. | YAI Board of Trustees Minutes dated 06/14/2005 | YAI-LEVY00027407-18 | |
| Q. | 5/15/2007 Email from P. Levy to M. Connors, with attachment | YAI-LEVY00363904-06 | |
| R. | 8/6/2007 Email string between P. | YAI-LEVY00033346-48 | |

---

[1] The YAI Defendants would intend to introduce this exhibit should the Court deny their motion *in limine* to exclude evidence regarding compensation reports and legal opinions (*See* Dkt. # 541, 543).

[2] The YAI Defendants would intend to introduce this exhibit should the Court deny their motion *in limine* to exclude evidence regarding compensation reports and legal opinions (*See* Dkt. # 541, 543).

| | | | |
|---|---|---|---|
| | Levy and M. Connors | | |
| S. | 9/5/2007 Email from M. Connors to J. Levy, with attachments | YAI-LEVY00021436-66 | |
| T. | YAI Board of Trustees Meeting Minutes dated 9/27/2007, attaching draft SERP amendment | YAI-LEVY00027499-512 | |
| U. | Employment Agreement Between YAI and J. Levy dated 09/23/2008 | YAI-LEVY00000447-55 | |
| V. | Consulting Agreement Between YAI and J. Levy dated 9/23/2008 | YAI-LEVY00000464-72 | |
| W. | Amendment No. 2 to the LIPT effective as of 10/01/2008 | YAI-LEVY00020972-73 | |
| X. | 10/21/2008 Email from C. Miller to J. Levy and P. Levy, with attachment | YAI-LEVY00362318-20 | |
| Y. | 12/11/2008 Email from M. Connors to M. Fava, with attachment | YAI-LEVY00030619-34 | |
| Z. | YAI Board of Trustees Meeting Minutes 12/11/2008 | YAI-LEVY00005839-48 | |
| AA. | Amendment to the SERP dated 12/18/2008 | LEVY-LYNN009092-105 | |
| AB. | 05/17/2009 Email string among P. Levy, C. Miller and J. Levy | YAI-LEVY00014900-04 | |
| AC. | 05/18/2009 Email string among M. Connors, C. Miller and P. Levy | YAI-LEVY00411515-17 | |
| AD. | 06/22/2009 Email string among M. Connors, C. Miller and P. Levy | YAI-LEVY0003307-09 | |
| AE. | 2009-07 Joel Levy Timesheet | YAI-LEVY00427459-82 | |

| AF. | YAI 2009 Form 990 (07/09/2009) | LEVY-LYNN009794-831 | |
| AG. | 7/16/2009 Email from M. Connors to C. Miller | No Bates – J. Levy Dep. Ex. 25 | |
| AH. | 7/18/2009 Email from P. Levy to E. Green | YAI-LEVY00419191-93 | |
| AI. | 07/22/2009 Email from M. Connors to J. Levy and P. Levy | YAI-LEVY00020658-63 | |
| AJ. | 08/10/2009 Email string between M. Connors and C. Miller | MILLER002495-96 | |
| AK. | 08/24-25/2009 Email string among M. Connors, P. Levy, and P. Koren | YAI-LEVY00416204-09 | |
| AL. | 08/24/2009 Email from C. Miller to M. Connors, with attachments | YAI-LEVY00023099-104 | |
| AM. | 08/26/2009 Letter from J. Kelly to G. Castano | JKELLY_0000320-23 | |
| AN. | 09/2/2009 Email from C. Miller to J. Levy | YAI-LEVY00023105-08 | |
| AO. | 09/07/2009-09/13/2009 E. Green Calendar | GREEN000000001 | |
| AP. | Record on Appeal in *Rut v. Young Adult Institute, Inc.*, Index No. 11793/08, dated 9/18/2009 | JKELLY_0000205-92 | |
| AQ. | 10/05/2009-10/11/2009 E. Green Calendar | GREEN000000003 | |
| AR. | 10.5.2009 Pension Committee Meeting Report | YAI-LEVY00005382-83 | |
| AS. | 10/8/2009 Email from E. Green to P. Levy | YAI-LEVY00033178-80 | |
| AT. | 10/28/2009 Email string between P. Levy and M. Connors, forwarding email from J. | YAI-LEVY00411609-10 | |

| | | |
|---|---|---|
| | Gebhardt to M. Connors | |
| AU. | 10/30/2009 Email from P. Levy to E. Green, forwarding email from C. Miller to M. Connors | YAI-LEVY00411626-27 |
| AV. | 11/10/2009 Email from J. Levy to P. Levy | YAI-LEVY00023402 |
| AW. | 11/11/2009 Email string among P. Levy, M. Connors, E. Green, and J. Levy | YAI-LEVY00023404-05 |
| AX. | 11/11/2009 Email from M. Connors to J. Levy, et. al., with attachments | YAI-LEVY00020650-53 |
| AY. | 11/13/2009 Email from M. Connors to P. Levy, with attachments | YAI-LEVY00030572-80 |
| AZ. | 11/19/2009 Email from J. Levy to C. Miller, forwarding email from M. Connors to P. Levy, with attachments  (J. Levy Exh. 35) | YAI-LEVY00416157-60 |
| BA. | 11/19/2009 Email from J. Levy to C. Miller, forwarding email from P. Levy, with attachments | YAI-LEVY00023330-35 |
| BB. | YAI Executive Compensation Committee Meeting Minutes dated 11/24/2009 | YAI-LEVY00005073-78 |
| BC. | 12/11/2009 Letter from M. Connors to J. Levy re: YAI Plan Distributions | YAI_LEVY00438000-01 |
| BD. | Acknowledgement & Release dated 12/21/2009 between J. Levy, Judith Lynn, and YAI | YAI-LEVY00416925-28 |
| BE. | YAI Insurance Policy Schedule dated 01/26/2010 | MILLER000199-202 |
| BF. | Earnings Statements from 01/31/2010-12/31/2010 | YAI_LEVY00438371-94 |

| BG. | Defendants'/Respondents' Brief in *Rut v. Young Adult Institute, Inc.*, Index No. 11793/08, dated 3/29/2010 | JKELLY_0000130-204 | |
|-----|---|---|---|
| BH. | Decision & Order by Supreme Court of the State of New York Appellate Division: Second Judicial Department, in *Rut v. Young Adult Institute, Inc.*, Index No. 11793/08, dated 6/1/2010 | JKELLY_0000123-28 | |
| BI. | 06/22-23/2010 Email string among K. Wegmann and members of the Pension Committee | YAI-LEVY00413126-32 | |
| BJ. | 9/13/2010 Email from K. Wegmann to M. Fava re Pension Committee Reports and (attachment) | YAI-LEVY00012023 | |
| BK. | SERP Insurance Policy Schedule dated 09/14/2010. | MILLER001822 | |
| BL. | 9/15/2010 Pension Committee Meeting Minutes and Resolution | YAI-LEVY00004457-60 | |
| BM. | 10/8/2010 Letter from S. Warnke to R. Martin, attaching YAI's Financial Statement of Corporation to DOJ – "Ability to Pay Presentation" | Letter at YAI-LEVY00012247-62 | |
| BN. | 10/22/2010 Letter from J. Barnea to S. Warnke | YAI-LEVY00012964-65 | |
| BO. | 10/27/2010 YAI Insurance Policy Schedule | YAI-LEVY00017507-11 | |
| BP. | 10/28/2010 Letter from S. Warnke to J. Barnea | YAI-LEVY00017464-69 | |
| BQ. | Life Insurance Plan and Trust Consent, Release, and Indemnification dated January | LEVY-LYNN002802-12 | |

6

| | | | |
|---|---|---|---|
| | 2011 | | |
| BR. | First Amendment to the LIPT dated 01/14/2011 | YAI-LEVY00018204; YAI-LEVY00018191 | |
| BS. | Earnings Statements from 01/15/2011-07/15/2011 | YAI-LEVY00438395-408 | |
| BT. | 1/18/2011 Settlement Agreement between YAI and USAG re: Faden action | YAI-LEVY00412787-811 | |
| BU. | 1/18/2011 Settlement Agreement between YAI and State of New York re: Faden action | No Bates – publicly available (Case No. 1:09-cv-05003, Dkt. # 19) | |
| BV. | 03/21/2011 Email from M. Fava to E. Green | YAI-LEVY00013943-44 | |
| BW. | 03/21/2011 Email string among Y. Chow, M. Asner, and E. Green | YAI-LEVY00031748-49 | |
| BX. | 03/25/2011 Letter from J. Moran to P. Levy | LEVY-LYNN008474 | |
| BY. | 03/28/2011 Pension Committee Meeting Minutes | YAI-LEVY00013917 | |
| BZ. | 03/28-29/2011 Email string among D. Samuels, E. Green, and F. Konigsberg | YAI-LEVY00389740-45 | |
| CA. | YAI Board of Trustees Meeting Minutes dated 03/30/2011 | YAI-LEVY00365459-67 | |
| CB. | 3-30-11 BOT Meeting Minutes | YAI-LEVY00365459 | |
| CC. | 06/10/2011 Email from M. Connors to E. Green and M. Fava, with attachments | YAI-LEVY00031889-98 | |
| CD. | 06/10/2011 Letter from M. Connors to J. Levy | LEVY-LYNN002495-96 | |
| CE. | 06/15/2011 Letter from J. Ruggiero to J. Moran re: Young | YAI-LEVY00409936-10003 | |

| | | | |
|---|---|---|---|
| | Adult Institute, Inc. | | |
| CF. | 6/30/2011 Email from M. Fava to SERP participants | YAI-LEVY00007879-81 | |
| CG. | 07/06/2011 Letter from J. Moran to J. Ruggiero | YAI-LEVY00011597-99 | |
| CH. | 07/18/2011 Letter from J. Ruggiero to J. Moran re: Young Adult Institute, Inc. | YAI-LEVY00417793-810 | |
| CI. | 07/26/2011 Letter from Commissioner Burke to YAI and other organizations | YAI-LEVY00376454 | |
| CJ. | Agenda and Discussion Outline for 7/26/2011 Pension Committee Meeting | YAI-LEVY00415093-97 | |
| CK. | 07/27/2011 Letter from J. Moran to J. Ruggiero | YAI-LEVY0013801-02 | |
| CL. | 08/02/2011 New York Times article "Reaping Millions in Nonprofit Care for Disabled" | YAI-LEVY0017987-96 | |
| CM. | 8/3/2011 Press Release by Governor Cuomo | No Bates – Publicly Available | |
| CN. | 08/04/2011 Email from K. Wegmann to C. Miller, with attachment | MILLER001437-39 | |
| CO. | 08/04/2011 Minutes of Early Alert Committee meeting | LEVY-LYNN008558-59 | |
| CP. | 08/05/2011 Email from E. Green to C. Burke, with attachment | YAI-LEVY00017254-57 | |
| CQ. | 08/05/2011 Email from E. Green to J. Introne, with attachment | YAI-LEVY00017262-65 | |
| CR. | 08/05/2011 Letter from J. Moran to S. Freeman and E. Green | YAI-LEVY00011192-93 | |
| CS. | 08/09/2011 Letter from J. Ruggiero to J. Moran re: Young | YAI-LEVY00004881-82 | |

| | | |
|---|---|---|
| | Adult Institute, Inc. | |
| CT. | 08/09/2011 M. Rabinow to K. Wegmann Request for Information | LEVY-LYNN008738-39 |
| CU. | 8/12/2011 Email from J. Levy to E. Green, M. Fava, and S. Kwiat | YAI-LEVY00013651 |
| CV. | 08/25/2011 Letter from J. Moran to E. Green | OPWDD-LEVY0002595-97 |
| CW. | 08/26/2011 Email string among E. Green, J. Moran and M. Pellman | YAI-LEVY00376532-33 |
| CX. | 8/26-27/2011 Email string | OPWDD-LEVY0002642-43 |
| CY. | 09/07/2011 Letter from E. Green to J. Moran | YAI-LEVY0013386-415 |
| CZ. | 9/19/2011 YAI Board of Trustees Meeting Minutes dated | YAI-LEVY0005933-43 |
| DA. | 09/26/2011 Letter from J. Moran to E. Green | YAI-LEVY00013416-17 |
| DB. | 9/27/2011 Letter from B. Lawsky to YAI Board | YAI-LEVY00386589-93 |
| DC. | 10/06/2011 Email from S. Freeman to J. Moran, with attachment | YAI-LEVY00017324-72 |
| DD. | 10/19/2011 Email from S. Freeman to J. Moran, with attachment | YAI-LEVY00022784-86 |
| DE. | 11/09/2011 Letter from E. Green to B. Lawsky | YAI-LEVY00399323-31 |
| DF. | 11/28/2011 Personnel Practices Committee Minutes | YAI-LEVY00399517-20 |
| DG. | 11/29/2011 Email string among N. Benjamin and J. Moran | YAI-LEVY00399567-69 |

| DH. | 12/18/2011 Email string among E. Green and J. Moran | YAI-LEVY00014158-60 | |
| DI. | 12/20/2011 Mercer Engagement Letter Agreement | YAI-LEVY00429297-310 | |
| DJ. | 12/30/2011 Email from S. Freeman to J. Moran | LEVY-LYNN007900 | |
| DK. | 12/31/2011 Email from J. Moran to E. Green | YAI-LEVY00014454-55 | |
| DL. | 01/09-13/2012 Email string among J. Moran and E. Green | YAI-LEVY00014503-04 | |
| DM. | 01/15/2012 Email string among J. Moran and E. Green | YAI-LEVY00014507-08 | |
| DN. | 01/17/2012 Email string among E. Green and J. Moran | YAI-LEVY00014517-19 | |
| DO. | 01/17/2012 Email string among J. Moran and E. Green | YAI-LEVY00014514-15 | |
| DP. | Executive Order No. 38 dated 01/18/2012 | No Bates – Publicly Available | |
| DQ. | 01/30/2012 Email string among J. Moran and E. Green | OPWDD-LEVY0000038-39 | |
| DR. | 01/31/2012 Email string among E. Green, C. Burke, and J. Moran | OPWDD-LEVY0000036-37 | |
| DS. | 02/15/2012 Email string among E. Green, C. Burke, and J. Moran | YAI-LEVY00014233-34 | |
| DT. | 2/28/2012 Draft Mercer Presentation "Executive Compensation & Benefits Review" | YAI-LEVY00425454-82 | |
| DU. | 02/28/2012 Email string among E. Green and J. Moran | YAI-LEVY00014242-45 | |
| DV. | 02/29/2012 Email string among J. Moran and E. Green | YAI-LEVY00014253-56 | |

| | | | |
|---|---|---|---|
| DW. | 04/12/2012 Draft Mercer Report re: Joel Levy | YAI_LEVY00429334-72 | |
| DX. | 4/19/2012 OPWDD document describing Early Alert Process | YAI-LEVY00399835-38 | |
| DY. | 04/29-05/01/2012 Email string among S. Warnke, E. Green, and J. Moran | YAI-LEVY00017174-75 | |
| DZ. | 06/19/2012 BOT Minutes | YAI-LEVY00005913-18 | |
| EA. | 6/30/2012-7/2/2012 Email string between E. Green and J. Moran | YAI-LEVY00014408-11 | |
| EB. | 09/03/2012 Email from E. Green to J. Moran | LEVY-LYNN007875 | |
| EC. | 09/11-12/2012 Email string among S. Warnke, E. Green, and J. Moran | YAI-LEVY00014448-50 | |
| ED. | 09/14/2012 Notes of Call with Commissioner Moran | YAI-LEVY00375445-46 | |
| EE. | 09/19/2012 Email string among J. Moran, S. Warnke, and B. Friedman, with attachment | YAI-LEVY00014488-91 | |
| EF. | 10/22/2012 Email from S. Warnke to J. Moran, including attachment | YAI-LEVY00014341-42 | |
| EG. | 10/30/2012 Email string among J. Moran and S. Freeman | YAI-LEVY00416735-37 | |
| EH. | 11/07/2012 Email from E. Green to J Moran and M. Pellman, includes letter attachment | YAI-LEVY00416722-34 | |
| EI. | 11/07-08/2012 Email string among E. Green and J. Moran | YAI-LEVY00416716-17 | |
| EJ. | 11/15/2012: Letter from E. Green to J. Moran re: Young Adult Institute | YAI-LEVY00013579-625 | |

| EK. | 11/20/2012 Email from Moran to S. Warnke, cc'ing E. Green, S. Freeman, M. O'Connor, M. Pellman | LEVY-LYNN007987-88 | |
| EL. | 11/20/2012 Email from M. O'Connor-Hebert to S. Freeman and E. Green | YAI-LEVY00399717-18 | |
| EM. | 11/21/2012: Letter from M. O'Connor-Hebert removing YAI from Early Alert | YAI-LEVY00399719-20 | |
| EN. | 2/15/2013  Mercer report re: Analysis and Opinion with Respect to the Reasonableness of Retirement Benefits as part of Total Remuneration for Dr. J. Levy | YAI-LEVY00418647-85 | |
| EO. | Amendment to the SERP dated 08/06/2013 | YAI-LEVY00438362-67 | |
| EP. | March 2015 J. Levy Curriculum Vitae | YAl-LEVY00241737-56 | |
| EQ. | Affidavit of Joel M. Levy in Support of Motion for Indemnification *Pendente Lite* dated 5/29/2015 | No Bates – Dkt. # 254 | |
| ER. | 10-10-2015 Hearing Transcript Motion for Indemnification | No Bates – Dkt. # 275 | |
| ES. | Hearing Transcript (10-23-2015) | No Bates – Dkt. # 301 | |
| ET. | IDB Bank SERP Statement, for period 2/1/2016-2/29/2016 | YAI -LEVY00438802-07 | |
| EU. | Exhibit E in Support of Letter Motion for Conference and Extension of Fact Discovery | No Bates – Dkt. # 354-5 | |
| EV. | Letter Opposing the YAI Defendants Letter Motion (4-24-2016) | No Bates – Dkt. # 389 | |

| | | | |
|---|---|---|---|
| EW. | 5/10/2016 Affidavit of Joel M. Levy in Support of Motion for Interim Relief Pursuant to ERISA § 502(g) in the Form of Attorneys' Fees and Costs dated | No Bates – Dkt. # 405 | |
| EX. | 5-10-2016 Motion for Interim Relief | No Bates – Dkt. # 404 | |
| EY. | 05-12-2016 Hearing Transcript | No Bates – Dkt. # 429 | |
| EZ. | 5/20/2016 Letter from Plaintiffs to Judge Netburn in Opposition to YAI's Letter Response | No Bates – Dkt. # 416 | |
| FA. | 6/17/2016 Plaintiffs' Letter Motion for Conference Concerning Briefing Schedule for Interim Relief Motion and Duration of Expert Depositions and Continued Depositions of Plaintiffs | No Bates – Dkt. # 445 | |
| FB. | 08/12/2016 Plaintiff's letter RE payment of expert fees (SDNY) | No Bates – Dkt. # 512 | |
| FC. | 9/26/2016 Plaintiffs' Letter to Judge Netburn re: Pending Motion for Interim [Relief] | No Bates – Dkt. # 518 | |
| FD. | Levy Financial Representations Chart (4) | No Bates | |
| FE. | 9/22/2008 J. Levy Retiree Health Letter | YAI - LEVY00000505-13 | |

13