UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL M. LEVY and JUDITH W. LYNN,
                                    Plaintiffs,

                    -v-

YOUNG ADULT INSTITUTE, INC., *et al.*,
                                    Defendants.

13-CV-2861 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs Joel M. Levy and Judith W. Lynn brought this action against Young Adult Institute, Inc., d/b/a YAI National Institute for People with Disabilities ("YAI"), the Board of Trustees of YAI ("the Board"), the Pension Retirement Committee of the Board, the Supplemental Pension Plan and Trust for Certain Management Employees of YAI, and the Life Insurance Plan and Trust for Certain Management Employees of YAI (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, seeking to recover benefits due under a supplemental executive retirement plan ("SERP").

      Familiarity with this case and with its lengthy history is presumed. *See generally Levy v. Young Adult Inst., Inc.*, 744 F. App'x 12 (2d Cir. 2018), *cert. denied*, 2019 WL 368708 (Feb. 25, 2019). Before the Court now is Plaintiffs' motion for attorney's fees and costs incurred in connection with this case from February 21, 2013 through August 31, 2017 (Dkt. No. 635; *see also* Dkt. No. 658), as well as Plaintiffs' motion to file a supplemental request for additional fees and costs incurred from September 1, 2017 to the present (Dkt. No. 666).

1

## I.  Legal Standard

Pursuant to ERISA § 502(g)(1), a court "in its discretion may allow a reasonable attorney's fee and costs of [an ERISA] action to either party." 29 U.S.C. § 1132(g)(1).  The Supreme Court has permitted courts to award attorney's fees and costs to an ERISA claimant pursuant to § 502(g)(1) so long as that claimant has had "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).  Such success must be more than "trivial success on the merits" or a "purely procedural victory," *id.* at 256, but the standard may be satisfied so long as a "court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was "substantial" or occurred on a "central issue,"'" *id.* at 255 (alteration in original) (quoting *Ruckelshaus*, 463 U.S. at 688 n.9).  While courts may be free to consider additional factors in assessing whether an award of attorney's fees and costs is warranted in a given case, *see id.* at 249 n.1, 255 n.8, "whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion" with respect to awarding attorney's fees and costs under ERISA, *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014).  In other words, "a court *may*, without further inquiry, award attorneys' fees to a plaintiff who has had 'some degree of success on the merits.'"  *Id.* (quoting *Hardt*, 560 U.S. at 255).

Any such award to an ERISA claimant must be limited to "*reasonable* attorney's fee[s] and costs." 29 U.S.C. § 1132(g)(1) (emphasis added).  "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned*

*Citizens Neighborhood Assoc. v. Cty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2008)); *see also*

*Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmeritrade Holding Corp.*, No. 13

Civ. 6759, 2015 WL 4750763, at *5 (S.D.N.Y. Aug. 11, 2015) (acknowledging that the lodestar

method applies in the ERISA context). The party seeking an award of attorney's fees "bears the

burden to submit sufficient evidence to support the hours worked and the rates claimed."

*Wallace*, 2015 WL 4750763, at *5. "'In determining what fee is reasonable, the court takes

account of claimed hours that it views as excessive, redundant, or otherwise unnecessary' and

'may look to its own familiarity with the case and its experience generally as well as to the

evidentiary submissions and arguments of the parties.'" *Id.* (quoting *Bliven v. Hunt,* 579 F.3d

204, 213 (2d Cir. 2009)). The "reasonable hourly rate" charged by the claimant's counsel must

be "in line with . . . prevailing [rates] in the community for similar services by lawyers of

reasonably comparable skill, expertise and reputation." *Id.* (alterations in original) (quoting

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund,* 450 F.3d 91,

96 (2d Cir. 2006) (per curiam)). "Although there is a strong presumption that the lodestar figure

represents a reasonable fee, a district court may adjust the lodestar figure [either upwards or

downwards] based on several factors, including in particular the results obtained." *Mason*

*Tenders Dist. Council v. Aurash Constr. Corp.*, No. 04 Civ. 2427, 2006 WL 647884, at *3

(S.D.N.Y. Mar. 15, 2006) (internal quotation marks and citations omitted).

## II.  Discussion

Plaintiffs request an award of attorney's fees and costs in the following amounts:

(1) $3,195,812.05 in hourly fees generated by Rakower Law PLLC in connection with the

underlying litigation; (2) $30,961.15 in hourly fees generated by Cadwalader, Wickersham &

Taft LLP ("Cadwalader") in connection with the underlying litigation; (3) $283,395.80 in costs

incurred in connection with the underlying litigation; and (4) $107,794.56 in fees and costs arising from Plaintiffs' counsel's work in connection with the instant motion. (Dkt. No. 654 at 15; Dkt. No. 658 at 1.) Plaintiffs' total request is thus for an award of $3,617,963.56.

The parties agree that Plaintiffs have achieved "some" degree of success on the merits such that they are eligible to recover an award of reasonable attorney's fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). (*Compare* Dkt. No. 638 at 6, *with* Dkt. No. 644 at 1.)[1] But Defendants introduce two categories of objection to Plaintiffs' requested sum: (1) that Plaintiffs' request should be adjusted downward to remove fees and costs that Defendants contend are not recoverable for a prevailing ERISA party or are unreasonable (Dkt. No. 644 at 4–16; Dkt. No. 662); and (2) that Plaintiffs' partial success in this litigation warrants a wholesale percentage reduction of their requested award (Dkt. No. 644 at 17–25). The Court addresses each category of objection in turn.

### A.    Plaintiffs' Requests for Unrecoverable Costs and Fees

Defendants contend that Plaintiffs' request should be adjusted downward to remove fees and costs that are not recoverable. (Dkt. No. 644 at 4–16.) The Court primarily focuses on those aspects of Plaintiffs' requested award that the Court deems unrecoverable. In doing so, the Court follows the practice that other courts in this Circuit have taken when "[s]ome reduction in plaintiffs' fee award is warranted":

---

[1] In acknowledging this point, both parties recognize that this Court is under no obligation to consider additional factors to determine whether or not an award of attorney's fees and costs is warranted. (*See* Dkt. No. 638 at 6; Dkt. No. 644 at 1 n.2.) Mindful that "whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion" with respect to awarding attorney's fees and costs under ERISA, *Donachie*, 745 F.3d at 46, the Court concludes that Plaintiffs' success on the merits here warrants such an award and declines to further consider whether additional factors would likewise support the propriety of an award of attorney's fees.

> The Court will address each area of contention below and explain
> its reasoning with regard to any reduction. However, rather than
> reducing a certain number of unreasonably billed hours, the Court
> will make an across-the-board percentage cut in plaintiffs' fee award
> as is necessary and appropriate.

*Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000) (collecting

cases employing a similar methodology); *see also id.* at 401 (same).

### 1.    Plaintiffs' Request for Pre-Litigation Attorney's Fees

Defendants contend that Plaintiffs' request for pre-litigation attorney's fees must be

rejected because such costs are not recoverable for a prevailing ERISA party. (Dkt. No. 644 at

4–5.) In response, Plaintiffs contend that these fees are recoverable because they were

reasonably incurred in connection with the commencement of this action. (Dkt. No. 654 at 3–4.)

The Court agrees with Defendants that ERISA "authorizes a district court to award fees

incurred only after a district court has assumed jurisdiction over a case." *Peterson v. Cont'l Cas.*

*Co.*, 282 F.3d 112, 119 (2d Cir. 2002). That said, ERISA does permit an award of "fees incurred

*in relation to* a suit filed in a court of competent jurisdiction," *id.* at 121 (emphasis added), and

"time spent drafting the complaint," for example, "is properly considered part of the litigation in

a district court, even though it occurs prior to filing," *id.* at 121 n.5. Courts in this District have

thus allowed ERISA claimants to recover attorney's fees for "work done pre-filing," which may

include "such preparatory work as meeting with the client," as well as "sending a demand letter

and attempting . . . reasonable pre-complaint negotiating efforts." *Lampert v. Metro. Life Ins.*

*Co.*, No. 03 Civ. 5655, 2004 WL 1395040, at *3 (S.D.N.Y. June 21, 2004) (internal quotation

marks omitted).

Having reviewed Plaintiffs' requested fees for the relevant work billed by Cadwalader

and Rakower Law prior to the commencement of this action, the Court finds both firms' requests

to be reasonable and of sufficient relation to Plaintiffs' initiation of this action to warrant Plaintiffs' recovery of these fees under ERISA.

## 2. Clerical Work

Defendants contend that Plaintiffs' request should be adjusted downward to remove their request for reimbursement for their attorneys' and paralegals' time doing clerical work. (Dkt. No. 644 at 6.) Plaintiffs do not dispute that certain purely clerical work is not recoverable, and they concede that they erroneously included requests for certain unrecoverable clerical work in their initial motion. (Dkt. No. 654 at 5.) However, Plaintiffs note that an attorney's or paralegal's work on "quasi-clerical tasks" may be recoverable, and they dispute the number of hours Defendants seek to have stricken from their award on this basis. (*Id.* at 5 n.4.)

While purely "clerical and secretarial services are part of overhead and are not generally charged to clients," Plaintiffs are correct to note that semi-clerical work such as the "organizing [of] countless number[s] of documents in [a complicated] case" or other work that requires "a comprehensive understanding of, and familiarity with, the substance of the case" may be recoverable. *Marisol A.*, 111 F. Supp. 2d at 390. Having reviewed Plaintiffs' counsel's billing statements and the disputed entries, the Court agrees with Defendants that certain of Plaintiffs' requested charges constitute purely clerical work—even if not to the full extent identified by Defendants, but certainly to a greater extent than was conceded by Plaintiffs in their reply brief. (*Compare, e.g.*, Dkt. No. 639-2 at 37 (billing 0.4 hours for "assembl[ing]" and "circulat[ing]" PDF portfolio of case briefs) *with* Dkt. No. 657-9 at 3 (confirming that this charge was not among the deductions Plaintiffs conceded as constituting pure clerical work)). The Court will take this into account when it adjusts Plaintiffs' fee award.

### 3.    Redacted Entries

Defendants contend that Plaintiffs' award must be reduced to the extent that it is based on redacted time entries, because Plaintiffs cannot demonstrate that the work associated with the redacted entries is compensable.  (Dkt. No. 644 at 7.)  The Court agrees with Plaintiffs that their redacted entries are limited, and in those few instances in which the redactions fully preclude a reader from assessing the work rendered, the Court has consulted the unredacted documents submitted by Plaintiffs and concluded that the requested fees are reasonable.  (Dkt. No. 654 at 5.)  The Court thus declines to reduce Plaintiffs' fee award on the basis of its inclusion of redacted time entries.

### 4.    Rate of Interest Charged

Defendants contend that Plaintiffs should not be entitled to an award of any late fees they have incurred on past-due payments, because (1) Plaintiffs' counsel Rakower Law has not shown that it typically assesses such a fee; and (2) the 6% interest rate Plaintiffs initially requested is excessive.  (Dkt. No. 644 at 7–8.)  In reply, Plaintiffs point to evidence showing that their counsel does customarily charge such a late fee, but also arguing that if the Court is disinclined to grant 6%, the Court should grant an interest rate of 4.25%, the prime interest rate in effect when Plaintiffs filed the instant motion.  (Dkt. No. 654 at 6.)

"[I]t [is] within [a] district court's discretion to compensate . . . counsel fully for the delay [in payment during the prosecution of an action] by taking into account the prevailing time-value of money—whether by applying the [statutory] judgment interest rate . . . or the historic prime rate." *Grant v. Martinez*, 973 F.2d 96, 100 (2d Cir. 1992).  The Court is persuaded by Plaintiffs' evidence that Rakower Law customarily charges its clients interest on past-due payments.  (Dkt. No. 657 ¶ 7.)  But the Court concludes that it is appropriate to award Plaintiffs the historic prime

rate rather than the 6% rate they request. In addition, the Court concludes that the appropriate prime rate is not the 4.25% rate in effect when Plaintiffs filed this fee motion, but rather the 4% rate in effect when final judgment was entered. (*See* Dkt. No. 644 at 8.) The Court will take this downward adjustment into account when it adjusts Plaintiffs' fee award.

### 5. Plaintiffs' Expert Fees

Defendants contend that Plaintiffs should not be reimbursed for expert fees incurred by experts who did not testify but who only prepared analyses and reports in connection with this litigation. (Dkt. No. 644 at 9–11.) In support of this contention, Defendants cite cases limiting ERISA claimants' requested reimbursement for expert fees to the *per diem* allowances provided for by 28 U.S.C. § 1821(b). *See, e.g.*, *Agredano v. Mut. of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. 1996) ("We therefore hold that section 502(g)(1)'s allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions."); *Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 137 F. Supp. 2d 351, 360 (S.D.N.Y. 2001), *vacated on other grounds*, 302 F.3d 18, 34–35 (2d Cir. 2002) ("As the cases have uniformly held, because section 502(g) does not explicitly permit the recovery of expert witness fees, expert witness fees are not allowable in these types of cases.") (collecting cases); *Garlock v. Nelson*, No. 96 Civ. 1096, 1998 WL 315089, at *1 (N.D.N.Y. June 9, 1998) ("ERISA does not specifically permit fee-shifting for expert witness fees, and therefore the limitations provided in 28 U.S.C. § 1821 are applicable.") (collecting cases).

Accordingly, Plaintiffs' request for expert witness fees is denied, except that Plaintiffs may be awarded expert witness fees and expenses limited to $40 per day for each expert witness who testified at a deposition or at trial (including any additional travel days), together with

corresponding travel expenses to the extent permitted by 28 U.S.C. § 1821. The Court will take this into account when it adjusts Plaintiffs' fee award.[2]

### 6. Plaintiffs' Remaining Costs

Defendants suggest that a number of Plaintiffs' other remaining requests for costs, which include requests for costs of travel, copying, shipping, meals, and other expenses are impermissible because Plaintiffs are entitled to only those costs specifically enumerated in 28 U.S.C. § 1920 and Local Rule 54.1(c). (Dkt. No. 644 at 12.) Plaintiffs contend that "Second Circuit case law shows that awards based on fee-shifting statutes, like ERISA § 502(g)(1), are not limited to the strictures of 28 U.S.C. § 1920 or Local Civil Rule 54.1." (Dkt. No. 654 at 9.)

The weight of authority supports Plaintiffs' contention, because "Section 502(g)(1) of ERISA refers to an award of 'costs', [and] that term apparently covers not only taxable costs under 28 U.S.C. § 1920, but also other disbursements that are customarily charged to the client." *Algie v. RCA Glob. Commc'ns Inc.*, 891 F. Supp. 875, 898 n.13 (S.D.N.Y. 1994) (collecting cases). Accordingly, to the extent Plaintiffs have met their burden of showing that their requested costs (other than the expert costs addressed above) are reasonable costs customarily charged to clients, Plaintiffs may be entitled to recover them.

However, Defendants identify a number of other issues with Plaintiffs' request for costs (*see generally* Dkt. No. 644 at 12–16), including Plaintiffs' failure to submit invoices for nearly $159,000 worth of expenses (Dkt. No. 644 at 12–13). While Plaintiffs submitted some invoices for their requested costs in connection with their reply brief (*see* Dkt. No. 656 ¶¶ 15–57),

---

[2] Moreover, Local Rule 54.1(c)(3) requires that "[f]ees for expert witnesses are taxable only to the extent of fees for ordinary witnesses unless prior court approval was obtained." S.D.N.Y. Rule 54.1(c)(3). The Court declines Plaintiffs' request to grant approval for its unapproved expert fees *nunc pro tunc*. (*See* Dkt. No. 654 at 11–12.)

Plaintiffs also conceded that at least $47,000 of their initially requested costs were based on billing errors (Dkt. No. 656 ¶ 58–59, 61).  The Court agrees with Defendants that Plaintiffs have failed to meet their "burden of demonstrating the reasonableness of each charge," and that Plaintiffs' "failure to provide adequate documentation of costs incurred [should] limit, or even defeat, recovery" of some of Plaintiffs' requested costs.  *Saucedo v. On the Spot Audio Corp.*, No. 16 Civ. 00451, 2016 WL 8376837, at *20–21 (E.D.N.Y. Dec. 21, 2016) (report and recommendation), *adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated on other grounds*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018).  The Court will take this into account in adjusting Plaintiffs' fee award.

### 7.    Plaintiffs' Costs Incurred in Connection with the Instant Motion

Defendants argue that the amount of attorney's fees that Plaintiffs seek to recover for briefing the instant motion is unreasonable and excessive.  (Dkt. No. 662.)

The Second Circuit recognizes that "the district judge [has] great leeway" in assessing whether "to award [any] fees for the time spent litigating [a] fee petition."  *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 20 (2d Cir. 2014) (first quoting *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir. 1979)).  The Court agrees with Defendants that Plaintiffs' counsel's billing for its work in connection with the instant motion appears excessive.  The Court will take this into account when it adjusts Plaintiffs' fee award.

### 8.    Net Reduction

In light of the foregoing, the Court determines that a 5% reduction in Plaintiffs' requested award for attorney's fees and costs is warranted.

**B.      Plaintiffs' Partial Success on the Merits**

Defendants contend that Plaintiffs' partial success in this litigation warrants a wholesale percentage reduction of their requested award.  (Dkt. No. 644 at 17–25.)  Plaintiffs counter that no such reduction is warranted here given that none of their unsuccessful claims are severable from their successful claims.  (Dkt. No. 654 at 12–15.)

The Supreme Court has provided the following guidance to courts confronting requests for attorney's fees in cases involving a prevailing party's incomplete success:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.  Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill.  Again, the most critical factor is the degree of success obtained.

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (addressing attorney's fees awarded under 42 U.S.C. § 1988); *see also Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2005) (recognizing that a "district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's 'partial or limited success' is not restricted either to cases of multiple discrete theories or to cases in which the plaintiff won only a nominal or technical victory").  Courts in this District apply the *Hensley* standard to requests for awards of attorney's fees and costs brought under ERISA.  *See, e.g.*, *Trs. of the Bricklayers & Allied Craftworkers Local 5 N.Y. Ret., Welfare & Training Funds v. Helmer-Cronin Constr., Inc.*, No. 03 Civ. 0748, 2005 WL 3789085, at *4 (S.D.N.Y. Oct. 24, 2005).

This is a case where such a reduction is warranted.  As Defendants note, Plaintiffs did not prevail on approximately three-quarters of the claims they brought against Defendants, and Plaintiffs prevailed on only half of the claims that proceeded to discovery in this matter.  (*See*

Dkt. No. 644 at 19.)  Plaintiffs' ultimate monetary recovery also fell substantially short of their requested damages.  (Dkt. No. 644 at 19–21.)  Finally, the vast majority of Plaintiffs' recovery was obtained pursuant to a summary judgment order issued nearly a year before this case was closed, and a substantial portion of Plaintiffs' requested fees relate to the latter half of this case's proceedings, most noticeably a bench trial that resulted in the incurring of substantial legal fees but produced a small percentage of Plaintiffs' net recovery.  (Dkt. No. 644 at 22–24.)  It is common for courts in this Circuit to consider circumstances such as these in determining whether and by how much to reduce a requested award of attorney's fees and costs.  *See, e.g.*, *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 865 F. Supp. 2d 284, 296–97 (E.D.N.Y. 2012), *aff'd*, 710 F.3d 57 (2d Cir. 2013) (collecting cases).

The Court concludes that an additional 35% reduction of Plaintiffs' requested attorney's fee award is warranted given Plaintiffs' incomplete success.

### C.     Resulting Calculation

As noted, Plaintiffs' request for an award of attorney's fees and costs totals $3,617,963.56.  (*See* Dkt. No. 654 at 15; Dkt. No. 658 at 1.)  Having concluded that a 40% reduction in Plaintiffs' requested award is warranted given Plaintiffs' request for some fees and costs that are not recoverable for a prevailing ERISA party and on the basis of Plaintiffs' partial success on the merits, *see supra* Sections II.A.8, II.B., Plaintiffs are as a result entitled to an award of $2,170,778.14.

## III.   Conclusion

For the foregoing reasons, Plaintiffs' motion for an award of attorney's fees and costs is GRANTED in part and DENIED in part.  Plaintiffs are hereby awarded the amount of $2,170,778.14 in attorney's fees and costs.

Plaintiffs are granted leave to file a supplemental motion for attorney's fees and costs with respect to fees and expenses incurred from September 1, 2017 to the present. Defendants may file an opposition to any such motion within fourteen days of the filing of Plaintiffs' supplemental motion. The Court will separately address any such supplemental motion for an award of attorney's fees and costs.

The Clerk of Court is directed to close the motions at Docket Numbers 635 and 666.

SO ORDERED.

Dated: March 30, 2019
New York, New York

J. PAUL OETKEN
United States District Judge