UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL M. LEVY and JUDITH W. LYNN,
                              Plaintiffs,

                  -v-

YOUNG ADULT INSTITUTE, INC., et al.,
                              Defendants.

13-CV-2861 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs Joel M. Levy and Judith W. Lynn brought this action against Young Adult Institute, Inc., d/b/a YAI National Institute for People with Disabilities ("YAI"), the Board of Trustees of YAI ("the Board"), the Pension Retirement Committee of the Board, the Supplemental Pension Plan and Trust for Certain Management Employees of YAI, and the Life Insurance Plan and Trust for Certain Management Employees of YAI (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, seeking to recover benefits due under a supplemental executive retirement plan ("SERP"). Familiarity with the factual background and procedural history of this case is presumed. *See generally Levy v. Young Adult Inst., Inc.*, 744 F. App'x 12 (2d Cir. 2018), *cert. denied*, 2019 WL 368708 (Feb. 25, 2019).

      On March 30, 2019, the Court granted in part and denied in part Plaintiffs' motion for attorney's fees and costs incurred in connection with this case from February 21, 2013 through August 31, 2017. (Dkt. No. 668 (the "Opinion").) Before the Court now is Plaintiffs' motion for partial reconsideration of the Opinion, as well as for a supplemental award of attorney's fees and

1

costs incurred from September 1, 2017 through April 9, 2019. (Dkt. No. 669.[1]) Also before the Court is Defendants' motion for a conference regarding the release of the appeal bond and surety rider that Defendants posted on June 29, 2017. (Dkt. No. 674.)

I. **Motion for Reconsideration**

   A. **Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). To prevail, the movant must demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence[;] or (3) a need to correct a clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (quoting *Drapkin*, 818 F. Supp. 2d at 696); *see also Cioce v. Cty. of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks omitted), *abrogation on other grounds recognized by In re Zarnel*, 619 F.3d 156, 167 (2d Cir. 2010))).

---

[1] Some weeks after the filing of Plaintiffs' motion, the parties' original filings were bounced by the Court's Electronic Case Filing System due to a belatedly detected technical defect. (*see* Dkt. Nos. 669–73.) The parties thereafter refiled duplicate copies of their original filings. (Dkt. Nos. 676–79.) To accord with the internal citations used in the parties' own letter briefs, docket citations in this opinion will be made to the parties' original filings.

**B. Discussion**

Plaintiffs move for the Court to reconsider its prior conclusion that a reduction of 35% of Plaintiffs' requested fee award was warranted due to Plaintiffs' incomplete success on the merits. (Dkt. No. 669 at 1–3; *see also* Dkt. No. 668 at 11–12.) According to Plaintiffs, their successes were in fact far greater than this Court assessed them to be in the Opinion. In their own words, Plaintiffs contend that it was not *their* but *Defendants'* "actions that led to prolonged and expensive litigation[,]" and "Plaintiffs' success in discovery and at trial was more important and valuable than the Court acknowledged in the" Opinion. (Dkt. No. 669 at 1.) Unsurprisingly, Defendants offer a competing perspective on Plaintiffs' relative successes, and argue that *at least* the 35% reduction ordered by the Court in the Opinion was warranted, on the grounds that "throughout this case Plaintiffs have tirelessly tried and failed to obtain an outrageous and unjustified monetary recovery." (Dkt. No. 672 at 3.)

As an initial matter, Plaintiffs' motion may be denied on the sole ground that Plaintiffs present no law, arguments, or facts that were not already before the Court and fully considered in the Opinion. One of the primary reasons a motion for reconsideration is deemed an extraordinary remedy is to "discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Plaintiffs' motion does not point to any aspects of this case's history that were not highlighted in Plaintiffs' prior briefing. (*Compare* Dkt. No. 638 at 3–6, 11–13 *and* Dkt. No. 654 at 13, *with* Dkt. No. 669 at 1–3.) Plaintiffs' repackaging of the same story in different words does not alter the Court's prior conclusions.

To the extent Plaintiffs contend that reconsideration is required because the Opinion's description of Plaintiffs' incomplete success on the merits was a "clear error" or a "manifest injustice," *Jacob*, 293 F.R.D. at 580–81, the Court is unpersuaded. Having considered anew the

3

arguments already presented by Plaintiffs in their initial motion for attorney's fees, the Court reaffirms its prior assessment that "the vast majority of Plaintiffs' recovery was obtained pursuant to a summary judgment order issued nearly a year before this case was closed, and a substantial portion of Plaintiffs' requested fees relate[d] to the latter half of this case's proceedings, most noticeably a bench trial that resulted in the incurring of substantial legal fees but produced a small percentage of Plaintiffs' net recovery."  (Dkt. No. 668 at 12.)

Despite Plaintiffs' assessment that the Opinion "misapprehend[ed] the issues" being litigated by each of the parties at this case's various stages and "minimize[d] the value Plaintiffs received as the litigation progressed" (Dkt. No. 669 at 1), this Court is eminently familiar with this case's long and protracted history.  This Court has presided over this case since its initial filing more than six years ago.  (*See* Dkt. No. 1.)  In addition to having overseen and decided dozens of the parties' administrative and procedural disputes, this Court has adjudicated multiple motions to dismiss (Dkt. Nos. 75, 229), to amend (Dkt. Nos. 163, 472), and for summary judgment (*see, e.g.*, Dkt. Nos. 313, 527).  The Court has also presided over a week-long bench trial, as well as an eventual motion for reconsideration of the Court's bench ruling following that trial.  (*See generally* Dkt. No. 621.)  The Court drew on its familiarity with this case when exercising its discretion to reduce Plaintiffs' fee award to reflect their incomplete success on the merits, and in reconsidering that decision, again concludes that the previously ordered 35% reduction in Plaintiffs' fee award was warranted.  Plaintiffs' motion for reconsideration is therefore denied.

## II. Supplemental Fee Motion

Plaintiffs request a supplemental award for attorney's fees and costs incurred from September 1, 2017, through April 9, 2019, in connection with supplementing their motion for

4

attorney's fees, defending against Defendants' appeal and petition for a writ of certiorari, and prosecuting their own cross-appeal. (Dkt. No. 669 at 3–5.) Specifically, Plaintiffs request: (1) $327,600.04 in hourly fees generated by Rakower Law PLLC (Dkt. No. 669 at 5; *see* Dkt. No. 670-24); and (2) $15,993.76 expenses and costs (Dkt. No. 669 at 5; *see* Dkt. Nos. 670-25, 670-26). The Court applies the same legal standards announced in its prior ruling to assess the reasonableness of the instant fee-award request. (*See* Dkt. No. 668 at 2–3.) Defendants object to three aspects of Plaintiffs' requested supplemental fee award. (Dkt. No. 672 at 4–6.) The Court considers each of Defendants' objections in turn.

First, Defendants contend that a 5% reduction of Plaintiffs' request for legal fees incurred in preparation of their motions for attorney's fees is warranted, citing a similar reduction that the Court ordered in the Opinion. (Dkt. No. 672 at 4 (citing Dkt. No. 668 at 10).) The grounds cited by the Court when reducing Plaintiffs' initial fee request by 5% included, among other things, the excessiveness of Plaintiffs' counsel's billing in preparing Plaintiffs' initial attorney's fees motion. (Dkt. No. 668 at 10.) However, that 5% figure was intended to encompass not only that particular excessiveness, but also other deficiencies in Plaintiffs' requested award, including Plaintiffs' failure to document all requested costs, Plaintiffs' request for unrecoverable expert fees, Plaintiffs' request for compensation for their counsel's purely clerical work, and Plaintiffs' counsel's use of an excessive interest rate for past-due fees. (Dkt. No. 668 at 6–10.) These latter deficiencies are not present here. Therefore, Defendants' request for an identical 5% reduction is unjustified. In any event, the Court has reviewed the invoices that Defendants characterize as excessive (*see* Dkt. No. Dkt. 670-12 at 5–7, 9–10; Dkt. 670-13 at 6–7, 9–10), and identifies no excesses akin to those the Court found in Plaintiffs' counsel's earlier billing entries. Accordingly, Defendants' request for a 5% reduction on this basis is denied.

Second, Defendants seek a 53.1% reduction in Plaintiffs' request for fees and costs in litigating this case's appeal before the Second Circuit. (Dkt. No. 672 at 4–6.) In support of this reduction, Defendants cite numerous instances in which Plaintiffs request compensation for their counsel's work on Plaintiffs' unsuccessful cross-appeal. (*Id.*) Plaintiffs concede that their cross-appeal was unsuccessful, but they argue that "nothing more than perhaps a minor reduction is warranted" on this basis, "because Plaintiffs successfully defended against [Defendants'] appeal and the cross-appeal was premised upon a common core of facts and the very same legal theories on which they prevailed." (Dkt. No. 669 at 5.)

Plaintiffs request a total of $262,738.89 in legal fees (Dkt. Nos. 670-21–670-24) and $10,746.41 in costs (Dkt. No. 670-26) incurred in connection with this case's appeal and Defendants' certiorari petition (Dkt. No. 669 at 4). However, certain of Plaintiffs' counsel's invoices reflect billing for work that was relevant exclusively to appellate matters on which Plaintiffs did not prevail. Some of these billing entries include Plaintiffs' counsel's work in litigating Plaintiffs' unsuccessful cross-appeal (*see, e.g.*, Dkt. No. 670-15 at 4–5, Dkt. No. 670-16 at 4–12), as well as Plaintiffs' unsuccessful opposition to and motion for reconsideration of Defendants' motion to stay the issuance of the Second Circuit's mandate pending Defendants' preparation and filing of their petition for writ of certiorari (*see, e.g.*, Dkt. No. 670-16 at 24–29). Defendants calculate the billing entries allocable exclusively to matters on which Plaintiffs did not prevail as totaling $76,430 (Dkt. No. 672 at 5), a figure Plaintiffs do not dispute. Finally, Defendants correctly note that a number of Plaintiffs' counsel's other billing entries relevant to this case's appeal pertain to matters that necessarily would have involved work on both parties' appeals, including Plaintiffs' unsuccessful cross-appeal. (*See, e.g.*, Dkt. No. 67-16 at 15–16 (billing upwards of $15,000 for work preparing for the oral argument on both appeals).)

6

In light of the foregoing, the Court agrees with Defendants that a reduction in Plaintiffs' requested award for legal fees incurred in connection with the appeal is warranted due to Plaintiffs' lack of success on the cross-appeal, and the evidence in Plaintiffs' counsel's invoices showing that a substantial amount of time was spent on and billed for appellate matters on which Plaintiff did not prevail. In circumstances such as this, a "district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 714 (E.D.N.Y. 2018) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)) (collecting cases). Indeed, "[i]t is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. Of Pomona*, 188 F. Supp. 3d 333, 344 (S.D.N.Y. 2016) (citation omitted). Accordingly, rather than going line-item by line-item through Plaintiffs' counsel's invoices in search of each partial-hour of work billed for matters on which Plaintiff did not prevail, "the Court will [instead] make an across-the-board percentage cut in plaintiffs' fee award as is necessary and appropriate" based on these considerations. *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000). Specifically, the Court will deduct a total of 33% from Plaintiffs' request for $262,738.89 in appellate fees. (*See* Dkt. No. 669 at 4.) This will reduce Plaintiffs' requested supplemental fee award by $86,703.83.

Third, and finally, Defendants contest the reasonableness of Plaintiffs' request for legal fees incurred in connection with Plaintiffs' counsel's correspondences with Defendants regarding judgment collection. (Dkt. No. 672 at 6.) All of these fees challenged by Defendants were billed to Plaintiffs in a single invoice dated April 5, 2019, which totaled $12,329.00. (Dkt. No. 670-14 at 4–9.) Defendants object to the extent of these fees on the grounds that Defendants have been

fully cooperative in the satisfaction of Plaintiffs' judgment, and that to the extent any complications arose in connection with Defendants' fulfillment of their obligations under the judgment, those complications were the fault of Plaintiffs. (Dkt. No. 672 at 6.) Plaintiffs counter that the parties' disagreements were attributable not to the fault of either party, but instead stemmed from the inherently complex nature of this case. (Dkt. No. 673 at 2.)

The Court agrees with Defendants that the legal fees incurred by Plaintiffs in connection with judgment collection appear excessive, particularly given that Plaintiffs do not dispute that Defendants have continued to fulfill their obligations to date. (*See* Dkt. Nos. 674–75.) That said, not all of Plaintiffs' fees incurred in connection with judgment collection are unreasonable: Plaintiffs are correct to note the judgment's complexity, and Plaintiffs represent that at least part of the fees at issue stemmed from Defendants' own miscalculations of their obligations thereunder. (Dkt. No. 673 at 2.) In light of the foregoing, the Court concludes that a 50% reduction in the fee award Plaintiffs now request for their counsel's work billed to Plaintiffs on April 5, 2019 is warranted. The Court will thus deduct $6,164.50 from Plaintiffs' fee award.

In sum, the Court concludes that Plaintiffs are entitled to a supplemental award of $234,731.71 in fees and $15,993.76 in costs incurred in connection with this case from September 1, 2017 through April 9, 2019.

### III. Defendants' Appeal Bond and Surety Rider

Defendants move for the Court to schedule a conference to address Defendants' proposed terms and conditions for the release of the appeal bond and surety rider that Defendants posted on June 29, 2017. (Dkt. No. 674; *see also* Dkt. Nos. 640–41.) Both parties' positions on Defendants' motion extensively reference the uncertainty of Defendants' net obligations, citing the pendency of Plaintiffs' now-decided motion for reconsideration and for a supplemental fee

award. (Dkt. Nos. 674–75.) As Plaintiffs' motion has now been resolved, the parties are directed to meet and confer regarding the release of Defendants' appeal bond and surety rider, and to notify the Court if the parties remain unable to resolve their disagreements. Defendants' motion for a conference is thus denied without prejudice to renewal after the parties have attempted to meet and confer.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED, and Plaintiffs' motion for an award of attorney's fees and costs is GRANTED in part and DENIED in part. Plaintiffs are hereby awarded supplemental fees and costs in the amount of $250,725.47, consisting of $234,731.71 in attorney's fees and $15,993.76 in costs. Based on the Court's findings here, together with the sums awarded in the Opinion (Dkt. No. 668 at 11–12), Plaintiffs are entitled to a net award of costs and fees in the amount of $2,421,503.61.

Defendants' motion for a conference regarding the release of their appeal bond and surety rider is DENIED, without prejudice to renewal after the parties have attempted to meet and confer to resolve any remaining disputes.

The Clerk of Court is directed to close the motion at Docket Number 674, and to enter judgment awarding attorney's fees and costs to Plaintiffs in the amount of $2,421,503.61.

SO ORDERED.

Dated: July 30, 2019
      New York, New York

_____
J. PAUL OETKEN
United States District Judge